COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Frank, Huff and Senior Judge Coleman
Argued at Richmond, Virginia


GLENDA H. MILOT

OPINION BY
v.      Record No. 0337-13-2                      JUDGE GLEN A. HUFF
OCTOBER 15, 2013
DAVID SCOTT MILOT


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
David A. Melesco, Judge Designate

Robert B. Jeffries (Bob Jeffries Law, P.C., on brief), for appellant.

Michael D. Kmetz for appellee.


Glenda H. Milot ("appellant") appeals an order of the Circuit Court of Halifax County

("the trial court") denying appellant's motion to vacate the dismissal of her case and reinstate a

*pendente lite* order.  On appeal, appellant contends that the trial court erred in 1) dismissing the

case without notice under Code § 8.01-335(B) because appellant had a minimum due process

right to prior notice and an opportunity to be heard, and 2) denying appellant's motion to vacate

the dismissal order because that order was rendered void from the due process violation.

In an assignment of cross-error, David S. Milot ("appellee") contends that the trial court

erred in denying appellee's request for attorney's fees and costs in defending against appellant's

meritless motion to vacate the dismissal of her case and reinstate a *pendente lite* order.

For the following reasons, this Court affirms the judgment of the trial court.

I.  BACKGROUND

"When reviewing a [trial] court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). "That principle requires us to 'discard the evidence' of the [appellant] which conflicts, either directly or inferentially, with the evidence presented by the [appellee] at trial." Id. (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)). So viewed, the evidence is as follows.

In February 2002, appellant filed a divorce complaint in the trial court against appellee. In March 2003, the trial court entered a *pendente lite* order requiring appellee to pay spousal and child support. Thereafter, the trial court remanded all child support matters to the Halifax County Juvenile and Domestic Relations District Court.

Between entry of the March 2003 *pendente lite* order and August 2007, no action or proceeding was taken in the case. Consequently, in August 2007, the trial court dismissed appellant's case ("the dismissal order") pursuant to Code § 8.01-335(B).[1] The Code allows a court to dismiss a pending case from its docket without providing prior notice to the parties when there has been no order or proceeding in the case for three years. Appellant and appellee testified that they did not receive notice prior to or after entry of the dismissal order. Appellant's counsel of record testified, "I never saw [a notice of the dismissal order, but] I can't say that a secretary didn't get it and put it in the wrong file, or lose it . . . I just never saw it is all I can say."

---

[1] Code § 8.01-335(B) provides that

> [a]ny court in which is pending a case wherein for more than three years there has been no order or proceeding . . . may, in its discretion, order it to be struck from its docket and the action shall thereby be discontinued. The court may dismiss cases under this subsection without any notice to the parties. The clerk shall provide the parties with a copy of the final order discontinuing or dismissing the case. Any case discontinued or dismissed under the provisions of this subsection may be reinstated, on motion, after notice to the parties in interest, if known, or their counsel of record within one year from the date of such order but not after.

In March 2011, more than three years after the dismissal order, appellee filed a divorce complaint against appellant in the Norfolk Circuit Court. The Norfolk Circuit Court granted the parties a divorce on February 24, 2012 while reserving equitable distribution, child support, and spousal support.

About three weeks prior to the entry of the divorce decree by the Norfolk Circuit Court, however, appellant moved the trial court to vacate the dismissal order and reinstate the *pendente lite* order. At the hearing, appellant argued that the dismissal order violated her due process rights because she did not receive notice prior to or after its entry. Appellee responded that appellant's motion was barred under Code § 8.01-335(B) and requested that the trial court award him attorney's fees and costs associated with opposing the motion.

The trial court denied appellant's motion to vacate the dismissal order and reinstate the *pendente lite* order. The trial court also denied appellee's request for attorney's fees. This appeal followed.

## II. ANALYSIS

On appeal, appellant argues that the trial court erred in denying her motion to vacate the dismissal order and reinstate the *pendente lite* order for two reasons: 1) the dismissal order violated her due process rights because she did not receive notice prior to the dismissal and was not afforded an opportunity to be heard, and 2) the dismissal was void because the clerk's office failed to provide the parties with a copy of the dismissal order pursuant to Code § 8.01-335(B). In an assignment of cross-error, appellee contends that the trial court erred in denying him attorney's fees and costs associated with opposing appellant's meritless motion.

### A. Due Process

Appellant first asserts that the trial court erred in denying her motion to vacate the dismissal order because the dismissal order violated her due process rights. Specifically,

appellant argues that her due process rights were violated when she did not receive prior notice that her case was being dismissed, which resulted in the termination of her right to receive monthly spousal and child support payments under the *pendente lite* order.

"'[C]onstitutional arguments are questions of law that [this Court reviews] *de novo*.'" Copeland v. Todd, 282 Va. 183, 193, 715 S.E.2d 11, 16 (2011) (alteration in original) (quoting Shivaee v. Commonwealth, 270 Va. 112, 119, 613 S.E.2d 570, 574 (2005)). Appellant's assignments of error also present an issue of "'statutory interpretation,'" which "'is a pure question of law . . . [this Court] reviews *de novo*.'" Laws v. McIlroy, 283 Va. 594, 598, 724 S.E.2d 699, 702 (2012) (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)).

"Virginia courts have no power to enter a decree of [*pendente lite*] support except pursuant to statutory authority." Smith v. Smith, 4 Va. App. 148, 151, 354 S.E.2d 816, 818 (1987). Code § 20-103 grants authority for a court to provide *pendente lite* support "during the pendency of the suit." Accordingly, "this grant of authority [is] limited to the right to make such award only for the period the action is pending." Smith, 4 Va. App. at 151, 354 S.E.2d at 818. Consequently, when a case is dismissed by operation of law, any *pendente lite* award ordered in that case is automatically terminated. Id. (finding that the dismissal order "by operation of law terminated" the *pendente lite* support); see also Duke v. Duke, 239 Va. 501, 504, 391 S.E.2d 77, 79 (1990) (noting that dismissal under Code § 8.01-335(B) terminates a *pendente lite* order).

Code § 8.01-335(B) states:

> Any court in which is pending a case wherein for more than three years there has been no order or proceeding, except to continue it, may, in its discretion, order it to be struck from its docket and the action shall thereby be discontinued. The court may dismiss cases under this subsection without any notice to the parties. The clerk shall provide the parties with a copy of the final order discontinuing or dismissing the case. Any case discontinued or dismissed under the provisions of this subsection may be

> reinstated, on motion, after notice to the parties in interest, if known, or their counsel of record within one year from the date of such order but not after.

This statute "enables trial courts to eliminate from their dockets cases for which there is no reasonable prospect of trial." Nash v. Jewell, 227 Va. 230, 234, 315 S.E.2d 825, 827 (1984).

In the present case, when appellant's case was dismissed under Code § 8.01-335(B), her spousal and child support under the *pendente lite* order were automatically terminated. Appellant therefore argues that the dismissal of her case without prior notice deprived her of a property right under the *pendente lite* order without due process of law.

Appellant's due process rights were not violated, however, because an adequate post-deprivation remedy was available to her. "The deprivation of property by the random and unauthorized acts of state officials or employees in contravention of established procedures does not offend due process requirements when adequate post-deprivation remedies exist." Fun v. Va. Military Inst., 245 Va. 249, 253, 427 S.E.2d 181, 183 (1993) (citing Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986)).

Code § 8.01-335(B) provides that "any case dismissed under . . . this subsection may be reinstated, on motion . . . within one year from the date of such order." Generally, a trial court only retains jurisdiction over a matter for 21 days after a final order in the case has been entered. Rule 1:1. The General Assembly, however, extended this jurisdiction to one year when a case is dismissed under Code § 8.01-335(B). This extension of the trial court's jurisdiction serves as an adequate post-deprivation remedy sufficient to satisfy constitutional due process concerns. See Fun, 245 Va. at 253, 427 S.E.2d at 183 (holding that a breach of contract cause of action by an employee who was fired from a state college served as an adequate post-deprivation remedy (citations omitted)).

Therefore, we hold that the dismissal of appellant's case under Code § 8.01-335(B) did not violate due process because there was an adequate post-deprivation remedy available to appellant.[2]

## B. Dismissal Order

Appellant next contends that the trial court erred in denying her motion to vacate the dismissal order because the order was void. Specifically, appellant claims it was void because the trial court clerk did not provide her with a copy of the dismissal order as required by Code § 8.01-335(B).

Code § 8.01-335(B) states, in relevant part, that after a case is dismissed, "[t]he clerk shall provide the parties with a copy of the final order discontinuing or dismissing the case."

"There is a presumption that public officials will obey the law." Hinderliter v. Humphries, 224 Va. 439, 448, 297 S.E.2d 684, 689 (1982); see also Hladys v. Commonwealth, 235 Va. 145, 148, 366 S.E.2d 98, 100 (1988) (noting that appellate courts presume "that public officials have acted correctly"). "In the absence of clear evidence to the contrary, [courts] must presume that a public officer has properly discharged his official duties." Gilmore v. Landsidle, 252 Va. 388, 396, 478 S.E.2d 301, 312 (1996). Furthermore, there is a presumption "in favor of the regularity [in] the proceedings of courts [that] extends to every step . . . and the burden is on him who alleges irregularity to show affirmatively by the record that the irregularity exists." Dove v. Commonwealth, 82 Va. 301, 305 (1886).

---

[2] Our conclusion is further supported by this Court's decision in Smith, 4 Va. App. at 151-53, 354 S.E.2d at 818-19. In Smith, this Court held that a party's "right to [future] pendente lite support" was "terminated" by operation of law when the underlying case was dismissed pursuant to Code § 8.01-335(B). Id. at 151, 354 S.E.2d at 818. This Court considered the due process implications of its decision, noting that it would be a violation of due process to hold that a dismissal under Code § 8.01-335(B) removed a party's rights to *pendente lite* support which had accrued *prior* to the dismissal. Id. at 152, 354 S.E.2d at 819. This Court did not hold, however, that it was a violation of due process to remove a party's rights to *future pendente lite* support. Rather, this Court held that such future rights were, "by operation of law[,] terminated" when the underlying case was dismissed. Id. at 151, 354 S.E.2d at 818.

In the present case, we presume that the trial court clerk properly discharged his official duties by providing a copy of the dismissal order to the parties. Appellant, however, did not present sufficient "clear evidence" to overcome this presumption. There was no testimony or affidavit from the trial court clerk indicating whether he provided the parties with a copy of the dismissal order. Further, appellant's counsel of record testified only that he never saw a copy of the dismissal order and that it was possible a secretary received it and erroneously filed or lost it. Given the absence of clear evidence to the contrary, the presumption of regularity stands, and appellant's argument fails.

Even if the trial court clerk failed to comply with Code § 8.01-335(B)'s requirements, however, the dismissal order would not be void *ab inito* as appellant contends. See Snead v. Atkinson, 121 Va. 182, 186, 92 S.E. 835, 836-37 (1917) (holding an order dismissing a case under an earlier, but nearly identical, version of Code § 8.01-335(B) "may be erroneous, but the error does not render it less final"); cf. Zedan v. Westheim, 60 Va. App. 556, 579-80, 729 S.E.2d 785, 797 (2012) (holding that although Code § 20-99.1:1 requires a trial court to provide a defendant in a divorce case with notice prior to entry of an order, a failure to provide such notice does not render the order void *ab inito*).

Furthermore, the trial court, "'having by its [final] order put the cause beyond its control, cannot upon a discovery of error recall it in a summary way and resume a jurisdiction which has been exhausted.'" Snead, 121 Va. at 186, 92 S.E. at 836-37 (quoting Echols's Ex'r v. Brennan, 99 Va. 150, 152-53, 37 S.E. 786, 787 (1901)). Here, Code § 8.01-335(B) provided the trial court with jurisdiction to vacate the dismissal order for one year after it was entered, but appellant waited more than three years to move the trial court to do so. Consequently, the trial court would not have had jurisdiction to, upon discovery of the clerk's error, recall the case in a summary way to vacate its order.

Therefore, this Court holds that the trial court did not err in denying appellant's motion to vacate the dismissal order because appellant did not overcome the presumption that the trial court clerk complied with Code § 8.01-335(B)'s notice requirements. Regardless, a failure by the trial court clerk to comply with these requirements would not have rendered the dismissal order void.

### C. Attorney's Fees

In his assignment of cross-error, appellee contends that the trial court erred in failing to award appellee attorney's fees and costs associated with opposing appellant's motion to vacate the dismissal order.

"An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to determining a "proper award of [attorney's] fees is reasonableness under all the circumstances." Joynes v. Payne, 36 Va. App. 401, 429, 551 S.E.2d 10, 29 (2001).

In the present case, the trial court considered the circumstances of the case, including the distance appellee's counsel had to travel to oppose appellant's motion and the case's procedural history. After considering these circumstances, the trial court determined that "this case had to be tried . . . or at least argued." In light of the discretion allotted to the trial court in determining the award of attorney's fees, this Court will not disturb the trial court's finding when it properly considered the circumstances of the case. Accordingly, the Court holds that the trial court did not abuse its discretion in denying appellee attorney's fees and costs because the trial court properly considered all the circumstances.

### III. CONCLUSION

For the foregoing reasons, this Court holds that the trial court correctly denied appellant's motion to vacate the dismissal order and reinstate the *pendente lite* order because 1) the dismissal order did not violate appellant's due process rights, and 2) appellant failed to overcome the presumption that the trial court clerk fulfilled Code § 8.01-335(B)'s notice requirements. Additionally, the trial court did not abuse its discretion by denying appellee's request for attorney's fees and costs. Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>