COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Humphreys, McCullough and Senior Judge Haley
Argued at Chesapeake, Virginia


DAVID MILOT

v.        Record No. 0937-14-1

GLENDA A. MILOT

OPINION BY
JUDGE JAMES W. HALEY, JR.
DECEMBER 23, 2014


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Mary Jane Hall, Judge

Michael D. Kmetz for appellant.

Jeffrey M. Summers for appellee.


I.

Code § 20-108.1(B) states in pertinent part that:  "Liability for support shall be determined *retroactively* for the period measured from the date that the proceeding was commenced by the filing of an action with any court provided the complainant exercised due diligence in the service of the respondent . . . ."  (Emphasis added.)

Code § 8.01-335(B) authorizes a circuit court to dismiss any pending civil action "wherein for more than three years there has been no order or proceeding . . . ."

The issue here for resolution is whether a circuit court, relying on Code § 20-108.1(B), may order retroactive child support (and arrearage and interest) for the *interim* period between the date of a Code § 8.01-335(B) dismissal and the date of a request for that support in a newly instituted cause.

We hold the circuit court may not for the reasons that follow.

II.

In February 2002, wife filed for divorce in the Circuit Court of Halifax County. On March 21, 2003, that court entered a *pendente lite* order for child support for $2,500 per month and thereafter remanded the child support matter to the Halifax County Juvenile and Domestic Relations District Court.

That remand apparently only resulted in an order of enforcement and referral to the Department of Social Services of the Commonwealth. The record does not contain any independent order by the juvenile and domestic relations district court setting child support.

On August 22, 2007, the Halifax County Circuit Court dismissed the divorce action pursuant to Code § 8.01-335(B).

In 2012, wife filed a motion in Halifax County Circuit Court to vacate the dismissal order and reinstate the *pendente lite* order. That motion was denied. Wife appealed, alleging a denial of due process. On October 15, 2013 this Court affirmed the Halifax County Circuit Court. See Milot v. Milot, 62 Va. App. 415, 748 S.E.2d 655 (2013). We wrote: "[W]hen appellant's case was dismissed under Code § 8.01-335(B), her spousal and child support under the *pendente lite* order were automatically terminated." Id. at 423, 748 S.E.2d at 659.

Meanwhile, in March 2011, husband filed a divorce action in the Norfolk Circuit Court. On January 18, 2012, wife filed an answer and counter-claim, in which she requested, as here relevant, child support and an award of any arrearages.

In its July 18, 2013 letter opinion, the Norfolk Circuit Court held that Code § 20-108.1(B) authorized it to order retroactive child support. The resultant order reads in part: "The Court of Appeals has determined that support under the Halifax *pendente lite* order terminated in August

of 2007.  This Court has determined child support may be retroactive to the 23rd of August 2007 with the amount being $2,500 per month . . . ."[1]

Husband has appealed this ruling, further noting that wife did not request child support until January 18, 2012 in the Norfolk proceeding.[2]

III.

The issue presents a question of statutory interpretation, which is a question of law we review *de novo*.  Anthony v. Skolnick-Lozano, 63 Va. App. 76, 83, 754 S.E.2d 549, 552 (2014). See also Virginia Emp't Comm'n v. Community Alts., Inc., 57 Va. App. 700, 708, 705 S.E.2d 530, 534 (2011) ("'Pure statutory construction, a matter within the "core competency of the judiciary," requires *de novo* review.'" (quoting Citland, Ltd. v. Commonwealth ex rel. Kilgore, 45 Va. App. 268, 275, 610 S.E.2d 321, 324 (2005) (citation omitted))).

The Norfolk Circuit Court emphasized the language in Code § 20-108.1(B) regarding "the filing of an action with *any court* . . ." and stated that "[a]lthough the Halifax complaint for divorce was dismissed for lack of prosecution, no evidence was submitted to suggest that Mr. Milot's obligation to support his children should not continue."  But no court order existed compelling that obligation.  When the Halifax Circuit Court dismissed the divorce pursuant to Code § 8.01-335(B), all of the pleadings and orders filed therein, including the *pendente lite* order, were likewise and simultaneously dismissed.  Milot, 62 Va. App. at 423, 748 S.E.2d at 659.  See also Smith v. Smith, 4 Va. App. 148, 152, 354 S.E.2d 816, 818 (1987) ("[O]nce an action is dismissed, any *pendente lite* order in the case should be considered dismissed.").

---

[1] The order reduced child support proportionately between 2007 and 2012, as the children reached majority.

[2] A second assignment of error was abandoned by husband during oral argument before this Court.

"A court may not retroactively modify a child support [order] to cancel a support arrearage or to relieve a parent of an accrued support obligation."  Bennett v. Commonwealth, 22 Va. App. 684, 696, 472 S.E.2d 668, 674 (1996) (citing Cofer v. Cofer, 205 Va. 834, 838-39, 140 S.E.2d 663, 666-67 (1965); Taylor v. Taylor, 10 Va. App. 681, 683-84, 394 S.E.2d 864, 866 (1990)).

The converse is also true.  In Bennett, we wrote:

> A court may only modify a support order to be effective prospectively. . . . We hold that the prohibition announced in Cofer against retroactive modifications to *relieve* support obligations applies with equal force to prevent a trial court from retroactively modifying its support order to *increase* a party's past support obligation.

Id. (emphasis in original) (internal citation omitted).

Moreover, in each of these three referenced cases, there existed an ongoing order of support.  Here, as noted above, no such order existed, because of the Code § 8.01-335(B) dismissal.

We hold that to exercise the retroactive authorization set forth in Code § 20-108.1(B) there must be, as a condition precedent, an existing and pending cause in a court of competent jurisdiction.

Accordingly, we reverse the trial court's award of child support, arrearage, and interest between August 27, 2007, the date of the Halifax County Circuit Court dismissal, and January 18, 2012, the date of the request for child support in the Norfolk Circuit Court.  We further remand the child support matter to the Norfolk Circuit Court to re-determine any arrearage and interest that may have accrued before August 27, 2007 and subsequent to January 18, 2012.

Appellant asks this Court to award him attorney's fees incurred on appeal. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we deny his request.

<u>Reversed and remanded.</u>