COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Petty and McCullough
Argued by teleconference

ROBERT ELI BERNARD

v.      Record No. 2252-13-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
CHIEF JUDGE GLEN A. HUFF
MARCH 31, 2015

FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
William N. Alexander, II, Judge

Melissa P. Keen (Melissa P. Keen, P.C., on brief), for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General; Elizabeth C. Kiernan, Assistant Attorney
General, on brief), for appellee.

Robert Eli Bernard ("appellant") appeals his conviction for distribution of

methamphetamine, in violation of Code § 18.2-248. After a jury trial in the Circuit Court of

Franklin County ("trial court"), appellant was sentenced to seventeen years' incarceration and

fined $50,000. On appeal, appellant asserts that the trial court erred because appellant "was

deprived of his constitutional right to an impartial jury and fair trial due to prejudicial statements

made in the presence of the venire unknown to [appellant] and his counsel." For the following

reasons, this Court affirms appellant's conviction.

I. BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*)

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed, the evidence is as follows.

Before appellant's trial, appellant signed a letter indicating his intent to enter into a guilty plea. Relying on appellant's letter, the Commonwealth released all of its witnesses for the scheduled trial on July 29, 2013. On the trial date, however, appellant informed the Commonwealth that "he did not want to go through with the plea agreement." The trial court informed the Commonwealth that appellant's case was "set with a jury" and would "be tried today and now." Before the clerk called the role of the venire in the courtroom,[1] the Commonwealth had the following conversation with the trial court:

> THE COURT: Is Ms. Keen here?
>
> MR. ALLEN: She is, Judge, she's in the back. Judge, this was originally set with a jury. We thought we had it resolved on a guilty plea.
>
> THE COURT: No, it's set with a jury.
>
> MR. ALLEN: Well, we had it resolved or we thought we did and - -
>
> THE COURT: It's set with a jury and it's going to be tried today and now.
>
> MR. ALLEN: We may have some difficulties with that but - -
>
> THE COURT: Well we're going to have some difficulties with it because it's going to be tried with a jury.
>
> MR. ALLEN: And that's no problem at all but when we found out it was going to be a plea we let our witnesses go.
>
> THE COURT: We're going to have to get the witnesses here because I made it clear that this was going to be going one way or the other, it's either a plea or the jury, the jury is here so let's get the witnesses here.
>
> MR. ALLEN: We'll try, Judge. We'll do the best we can.

---

[1] At the time of this exchange, counsel for appellant was not in the courtroom.

THE COURT: Well send somebody out now to get the witnesses.

THE CLERK: Members of the jury, I need you to line up against the wall, I'm going to put you alphabetically.[2]

The clerk then arranged the members of the venire in alphabetical order. Shortly thereafter, the trial court informed the venire that "[t]here was a mix up but I think we've gotten it squared away. We will know in just a few minutes." While it waited for the Commonwealth to assemble its witnesses, the trial court excused the venire to the jury room and took up another case. At the conclusion of the other case, the trial court brought the venire back into the courtroom.

Once the venire returned, the trial court stated "I apologize for making all of you all wait. We had a problem with witnesses and now the witnesses are at least here or on the way here, so we'll go ahead and select the jury . . . ." The trial court then proceeded with jury selection. Among the instructions given to the venire by the trial court was, "if you have witnessed any part of what we're talking about today then you shouldn't sit on the case." Moreover, the trial court stated

> [i]f you've heard the case discussed and you have made a decision based on what you have heard that cannot be changed then you shouldn't sit on the case. If you have heard something about the case or read something about the case in the newspaper that has caused you to form an opinion that can't be changed then you shouldn't sit on the case.

In response, the venire affirmed that none of them "heard anything about this case, [saw] anything about it in the paper, write up in the newspaper, [saw] anything about it on TV, [or] gained any knowledge whatsoever" about the case. In response to the trial court's inquiry, the venire indicated that they had not "formed any opinion as to the guilt or the innocence" of appellant. Furthermore, the venire affirmed that they were not "sensible of any bias or prejudice, either for or against the Commonwealth" or appellant.

---

[2] The record does not indicate where the conversation took place or where the members of the venire stood. Neither is there anything in the record to establish whether the exchange between the trial court and the Commonwealth was overheard by any member of the venire.

Next, the trial court also asked the venire

> Do any of you know of any reason whatsoever why you cannot give a fair and impartial trial, both to the Commonwealth and to [appellant], and why you cannot listen to this evidence, closely to the evidence and then determine his guilt or innocence based solely on what you see and hear in court today and on the instructions that the court will give?

All of the prospective jurors responded in the negative. The trial court then allowed the Commonwealth and appellant to question the venire. After questioning, both parties exercised their strikes and the trial court explained the procedures for the trial and the order in which evidence would be received. The trial court instructed the venire that they "should not and cannot consider anything that either of the attorneys say as evidence." Moreover, the trial court informed the venire that "the function of a jury is to determine the facts of every case and you are to determine the facts from the evidence presented today, free from any kind of outside interference whatsoever." At the conclusion of the trial court's statements, twelve jurors were selected and seated without objection.

After the presentation of evidence, the jury found appellant guilty of distribution of methamphetamine. This appeal followed.

## II. ANALYSIS

### A. Standard of Review

The test of juror impartiality "is whether the venireperson can lay aside the preconceived views and render a verdict based solely on the law and evidence presented at trial." Griffin v. Commonwealth, 19 Va. App. 619, 621, 454 S.E.2d 363, 364 (1995). Moreover, "[i]f a prospective juror 'does not stand indifferent to the cause, he is not competent. If he has any interest in the cause, or is related to either party, or has expressed or formed any opinion, or is sensible of any bias or prejudice, he is excluded by the law.'" Lovos-Rivas v. Commonwealth, 58 Va. App. 55, 60-61, 707 S.E.2d 27, 30 (2011) (quoting Spangler v. Ashville, 116 Va. 992, 996-97, 83 S.E. 930, 931 (1914)).

- 4 -

"Juror impartiality is a question of fact" and is "entitled great deference on appeal." Id. at 61-62, 707 S.E.2d at 30 (citations omitted). Accordingly, whether appellant received an impartial jury "will not be disturbed on appeal unless there has been manifest error amounting to an abuse of discretion." Barrett v. Commonwealth, 262 Va. 823, 826, 553 S.E.2d 731, 732 (2001).

## B. Jury Impartiality

On appeal, appellant asserts he was deprived of his constitutional right to an impartial jury and fair trial due to the prejudicial statements made in the presence of the venire that were unknown to appellant and his counsel. Specifically, appellant contends that he did not waive his right to his claim of error because he could not object at trial to the comments as they were stated while appellant was outside of the courtroom. In response, the Commonwealth first argues that the record does not establish that the venire heard the conversation between counsel and the trial court. Moreover, the Commonwealth contends that even if the venire overheard the comments, the trial court did not deprive appellant of an impartial jury.

Generally, "courts are charged with the responsibility of assuring that the judicial system and its officers are impartial and that they will not use their offices to either overtly or subtly influence the verdict or sentence in a case." Scott v. Commonwealth, 11 Va. App. 516, 522, 399 S.E.2d 648, 651 (1990). Specifically, "[t]he test in a criminal case is not whether the jurors were actually prejudiced by the extraneous matter, but whether they might have been so prejudiced." Evans-Smith v. Commonwealth, 5 Va. App. 188, 207-08, 361 S.E.2d 436, 437 (1987) (quoting Thompson v. Commonwealth, 193 Va. 704, 715, 70 S.E.2d 284, 290 (1952)). Moreover, "[i]f [the jurors] might have been prejudiced, then the purity of the verdict is open to serious doubt and the verdict should be set aside and a new trial awarded." Id.

In the current matter, appellant cannot demonstrate that the jurors overheard the discussion between the Commonwealth and the trial judge regarding appellant's withdrawn

guilty plea. Appellant was unable to establish the location of the venire when the conversation took place. Conversely, during *voir dire* the jurors collectively affirmed that they had not "heard the case discussed, . . . made a decision based on what [they had] heard, . . . heard anything about this case, [seen] anything about it in the paper, . . . [seen] anything about it on TV, gained any knowledge whatsoever, [or] formed any opinion as to the guilt or the innocence" of appellant. Rather, all of the jurors indicated that they could provide a fair and impartial trial for appellant.

Still, without offering any proof of prejudice, appellant argues that the Commonwealth's and trial judge's conversation concerning appellant's withdrawn guilty plea amounts to reversible error. "The presumption in favor of the regularity of the proceedings of courts extends to every step and part thereof, and the burden is on him who alleges irregularity to show affirmatively by the record that the irregularity exists." Dove v. Commonwealth, 82 Va. 301, 305 (1886). Accordingly, this Court has determined that appellant must establish "'clear evidence' to overcome this presumption." Milot v. Milot, 62 Va. App. 415, 425, 748 S.E.2d 655, 660 (2013). Moreover, "[w]e cannot consider any comments where the record contains no indication that the jury heard them because there is no basis to find prejudice." Lawlor v. Commonwealth, 285 Va. 187, 220, 738 S.E.2d 847, 865-66 (2013). Considering appellant has not offered any evidence besides proof of the conversation taking place, he has not rebutted the presumption of the venire's impartiality and, therefore, has not established error.

The record in the instant case evidences the absence of bias or undue influence or prejudice. Under such circumstances appellant was not deprived of his constitutional right to an impartial jury and fair trial. Irvin v. Dowd, 366 U.S. 717, 723 (1961) ("[i]t is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court"). The trial court asked the venire numerous questions confirming that the venire could

provide a fair and impartial trial.  Therefore, this Court finds that appellant was not denied his constitutional right to a fair trial.

### III.  CONCLUSION

Based on the foregoing, this Court finds that appellant was not deprived of his constitutional right to an impartial jury and fair trial due to the statements made in the presence of the venire unknown to appellant and his counsel.  Accordingly, this Court affirms the trial court's ruling.

<u>Affirmed.</u>