COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Petty and Huff
Argued at Richmond, Virginia

UNPUBLISHED

TAMMY NICOLE PITTMAN

v.      Record No. 1850-18-2

ROBERT WAYNE PITTMAN, III

MEMORANDUM OPINION* BY
JUDGE WILLIAM G. PETTY
OCTOBER 1, 2019

FROM THE CIRCUIT COURT OF ORANGE COUNTY
Humes J. Franklin, Jr., Judge Designate

Roderic H. Slayton (Roderic H. Slayton, P.C., on brief), for
appellant.

No brief or argument for appellee.


Tammy Nicole Pittman (wife) argues on appeal that "the trial court erred in not awarding

child support retroactively to the commencement of the proceedings" in her divorce from Robert

Wayne Pittman, III (husband). We reverse the trial court's award of child support and remand for

recalculation.

## I. BACKGROUND

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258 (2003).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties were married in 2002 and had three children together. The parties separated in 2015, and husband filed a complaint for divorce on February 19, 2015. Both parties filed motions requesting *pendente lite* support, and a hearing was held in June 2015. The trial court entered a *pendente lite* order in October 2015 noting that "adequate time to address all of the issues sought to be addressed by the parties was not available." The court ordered visitation but did not address spousal or child support. The court ordered husband to continue to make the mortgage payment on the marital residence, and pay the water bill, telephone bill, electricity bill, cable bill, real estate taxes, HOA dues, and health insurance costs. The trial court subsequently entered an order on February 10, 2016, which addressed spousal support. The court continued the previously imposed obligations and also required husband to pay $500 a month in spousal support. The court found that, for purposes of calculating support, husband's income "was difficult to determine due to his business practices." The court ordered a sum to be paid to wife "for the purpose of obtaining a Forensic Accountant to review [husband's] records to determine his income."

On October 30, 2018, the trial court entered a decree, which incorporated a final decree on child support (decree).[1] The decree established husband's and wife's incomes and calculated child support according to the statutory guidelines. The trial court explained, in a letter opinion incorporated into the decree, that it "decline[d] to award any past child support based on the previous monthly obligations the [c]ourt imposed on [husband]. Child support will be effective March 1, 2018." Wife appeals that decision.

---

[1] In its October 30, 2018 decree, the trial court retained jurisdiction pursuant to Code § 20-107.3 over equitable distribution of the parties' property. See Code § 20-107.3(A) (granting a court authority to "retain jurisdiction in the final decree of divorce to adjudicate the remedy provided by this section" regarding equitable distribution).

## II. ANALYSIS

The determination of child support is a matter of discretion for the circuit court. <u>Niblett v. Niblett</u>, 65 Va. App. 616, 624 (2015). "The court's discretion, however, is not without bounds. The General Assembly has included mandatory steps that a court must follow when exercising its discretion in calculating child support." <u>Id.</u>; <u>see generally</u> Code § 20-108.1. "As a result, the court's calculation of child support obligations is a combination of mandatory steps and broad discretion." <u>Niblett</u>, 65 Va. App. at 624. Where the trial court has misapplied one of the statutory mandates, the child support will be reversed on appeal. <u>Id.</u>; <u>see</u> <u>Lawlor v. Commonwealth</u>, 285 Va. 187, 213 (2013) (explaining an abuse of discretion occurs when a court fails to fulfill something the law requires).

"Code § 20-108.1(B) states in pertinent part that: 'Liability for [child] support shall be determined *retroactively* for the period measured from the date that the proceeding was commenced by the filing of an action with any court provided the complainant exercised due diligence in the service of the respondent.'" <u>Milot v. Milot</u>, 64 Va. App. 132, 133 (2014) (quoting Code § 20-108.1(B)).

Here, the trial court ordered that child support would be effective March 1, 2018. This it was not permitted to do. Code § 20-108.1(B) requires that liability for child support be measured from the date the proceeding was commenced. In this case, the proceeding commenced on February 19, 2015, which was the date husband filed a complaint for divorce, including a request for *pendente lite* relief, in Orange County Circuit Court. Husband was liable for child support retroactively to that date. Neither the October 9, 2015, nor the February 10, 2016, *pendente lite* order established child support payments. Although the orders required husband to continue making certain payments for mortgage and utilities, the orders do not reference these obligations as "child support." Because husband declined to file an appellee's brief in this case, he has not

argued to this Court that the previous monthly obligations the court imposed on him were child support.[2]  Therefore, we conclude the trial court erred in failing to award to wife child support retroactive to February 19, 2015.  Code § 20-108.1.

### III.  CONCLUSION

The trial court failed to award child support retroactively to the commencement of the proceeding as required by Code § 20-108.1(B).  We reverse the award of child support.  Based on our decision, we grant wife's request for attorney's fees.  We remand this case to the trial court for recalculation of the award in light of this opinion and for determination of reasonable attorney's fees.

<u>Reversed and remanded.</u>

---

[2] We recognize that in determining liability for retroactive child support that a trial court should take into account the court-ordered *pendente lite* child support payments.  We do not suggest here that a court cannot include in its *pendente lite* support order payments to third parties for the child's benefit; and we do not suggest the court would not include those payments in its determination of liability.  Here, however, no child support payments of any kind were ordered prior to entry of the decree.

We also note that the mortgage and utility payments made here by husband were not an "offset" in the traditional sense.  This Court has established that before credit is given for "non-conforming payments" as an offset to child support payments, there must be a court-ordered *award*, an agreement by the parties to modify the *method* of paying the award, and no adverse effect on the support award.  Miederhoff v. Miederhoff, 38 Va. App. 366, 374 (2002) (finding trial court properly allowed father to offset his arrearage liability by paying for son's college tuition as mother and father agreed).  Here, husband paid exactly what he was court-ordered to pay; he did not seek a non-conforming *method* of making the payments.  Thus, husband's payments were not an offset to his liability.