UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Humphreys and Russell
Argued at Leesburg, Virginia

CARL ATTEBERY SCOTT

v.        Record No. 0338-19-4

FABIOLA CABOS SCOTT

MEMORANDUM OPINION[*] BY
CHIEF JUDGE MARLA GRAFF DECKER
NOVEMBER 5, 2019

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David Bernhard, Judge

Camille A. Crandall (Hicks Crandall Juhl, PC, on brief), for
appellant.

No brief or argument for appellee.

Carl Attebery Scott (the husband) appeals a final divorce decree.  He challenges the

equitable distribution award and the award of attorney's fees to Fabiola Cabos Scott (the wife).

He contends that the circuit court erroneously determined the proportion of the husband's

separate share of the marital home.  In addition, he argues that the court abused its discretion in

awarding the wife attorney's fees.  For the reasons that follow, we affirm the circuit court's

decision and the respective award of fees.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

# I. BACKGROUND[1]

The parties married in 2007. During the marriage, they lived in and owned two houses in succession. Upon selling their first house on Abingdon Street, they bought a home on Taylor Street. When the parties bought the Taylor Street house for $628,000, they used some of the proceeds from the Abingdon Street home for the down payment. The Abingdon Street home was purchased in part with the husband's separate property. During the marriage, they made significant improvements to the Taylor Street home. The husband filed for divorce in 2017.

The parties presented arguments to the circuit court regarding the value of and equity in the marital home on Taylor Street. After hearing evidence and argument, the court entered a final decree of divorce. It granted the parties a divorce on the ground that they had lived separate and apart for more than a year but declined to award the wife spousal support.

The circuit court also fashioned an equitable distribution award. In doing so, it calculated the equity in the marital home on Taylor Street at $529,876. The court noted that the husband used separate funds to make improvements to the Taylor Street home but that the evidence did not establish by how much those improvements increased the house's value. As a result, the circuit court determined that it could not precisely calculate the amount of the husband's personal interest in that house. Nevertheless, the court found that the husband was "entitled to consideration" for his separate contribution to the house.

The circuit court awarded the Taylor Street property to the husband but awarded the wife $175,000 for her share of the equity in the home. The court also awarded the wife $15,000 of attorneys' fees.

---

[1] On appeal of an equitable distribution ruling, this Court views the evidence "in the light most favorable to the prevailing party, granting [that party] the benefit of any reasonable inferences." Starr v. Starr, 70 Va. App. 486, 488 (2019) (quoting Congdon v. Congdon, 40 Va. App. 255, 258 (2003)).

## II. ANALYSIS

On appeal, the husband advances three assignments of error. The first two encompass his argument that in fashioning the equitable distribution award, the circuit court erred in calculating the parties' respective shares in the Taylor Street property. The husband also assigns error to the circuit court's award of $15,000 in attorney's fees to the wife.

### A. Equitable Distribution

The husband suggests that the court erred in calculating the equitable distribution award because it failed to accurately value his interest in the marital home on Taylor Street. He also argues that the court erred in calculating how much equity in the Taylor Street home to award to the wife because it did not make a finding that her personal efforts increased the value of the property. He does not challenge the circuit court's factual findings that underlie its determinations of the parties' proportional shares.

On appellate review, a circuit court's "equitable distribution award will not be overturned unless the Court finds 'an abuse of discretion, misapplication or wrongful application of the equitable distribution statute, or lack of evidence to support the award.'" Anthony v. Skolnick-Lozano, 63 Va. App. 76, 83 (2014) (quoting Wiencko v. Takayama, 62 Va. App. 217, 229-30 (2013)). In reviewing the court's equitable distribution ruling fashioned under Code § 20-107.3, this Court views the evidence "in the light most favorable to the prevailing party, granting [that party] the benefit of any reasonable inferences." Starr v. Starr, 70 Va. App. 486, 488 (2019) (quoting Congdon v. Congdon, 40 Va. App. 255, 258 (2003)). To the extent that the appeal requires an examination of the proper interpretation and application of Code § 20-107.3, it involves issues of law, which the Court reviews *de novo* on appeal. See David v. David, 287 Va. 231, 237 (2014). However, whether the evidence satisfies the burden of persuasion and supports

the circuit court's findings are questions of fact, and we defer to that court's findings of fact unless plainly wrong or without evidence to support them. See Congdon, 40 Va. App. at 261-62.

Code § 20-107.3 requires a court effecting an equitable distribution to proceed in an orderly fashion. Specifically, it must (1) "classify the property," (2) "assign a value to the property," and (3) "distribute[] the property to the parties, taking into consideration the factors presented in Code § 20-107.3(E)." Fox v. Fox, 61 Va. App. 185, 193 (2012) (quoting Marion v. Marion, 11 Va. App. 659, 665 (1991)).

The classification and valuation of an asset for purposes of equitable distribution, including any relevant portion of that asset, are "issue[s] of fact, not of law." Howell v. Howell, 31 Va. App. 332, 340 (2000) (valuation); see Ranney v. Ranney, 45 Va. App. 17, 31 (2005) (classification). We do not disturb the circuit court judge's "factual findings . . . on appeal unless no 'rational trier of fact' could have come to the conclusions he did." Boyd v. Cty. of Henrico, 42 Va. App. 495, 525 (2004) (*en banc*) (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257 (2003) (*en banc*)).

It is in the context of these principles that we examine the statutory scheme and address the circuit court's ruling.

Generally, "[w]hen marital property and separate property are commingled into newly acquired property resulting in the loss of identity of the contributing properties, the commingled property shall be deemed transmuted to marital property." Code § 20-107.3(A)(3)(e). However, when "the contributed property is retraceable by a preponderance of the evidence and was not a gift, the contributed property shall retain its original classification." Id. Consequently, when "separate property can be retraced from commingled property, the increased value in that separate property is presumed to be separate, *unless* the non-owning spouse proves that

- 4 -

contributions of marital property or personal effort caused the increase in value." Martin v. Martin, 27 Va. App. 745, 751 (1998).

Here, the circuit court did not expressly describe the method by which it determined the parties' respective shares in the Taylor Street home. However, the husband's traceable separate share of the $628,000 purchase price of the Taylor Street house was $208,319.[2] This amount that the husband paid toward the Taylor Street property traceable to his separate funds, $208,319, was approximately one third of the total purchase price. The logical resulting conclusion regarding the Taylor Street house is that marital funds comprised the source of the remaining two-thirds of the purchase price.

We can infer, then, that the circuit court likewise determined that the marital share of the *equity* in the Taylor Street house was two thirds and consequently the husband's separate share of the equity in the home was the remaining one third. The award supports this conclusion. The circuit court found that the parties' equity in the Taylor Street house was $529,876. The court awarded the wife $175,000, which equals approximately half of the parties' two-thirds marital share of the equity in that home. The court ordered that the husband would keep the house, effectively awarding him the remaining two thirds of the equity in that home. One third was traceable to his separate share of the Taylor Street house, as discussed above, and the other third

---

[2] His share of the Abingdon Street house proceeds is determined based on his separate contribution, the parties' total contribution, and the parties' equity in the house. Dividing his contribution ($192,651) by the parties' total contribution ($207,914) equals approximately 92.6%. Thus, the percentage of the husband's separate share of that property was 92.6%. Multiplying this percentage by the parties' total equity in the Abingdon house at the time of sale ($306,818) finds the husband's share of the Abingdon house proceeds ($284,294).

The circuit court could reasonably have concluded that the $214,492 down payment on the Taylor Street house, paid with unsegregated proceeds from the Abingdon house, was consequently also paid with 92.6% of the husband's separate funds, or $198,619. He additionally paid $9,700 from his separate funds to the Taylor house which he successfully traced, totaling a contribution of $208,319 to the purchase.

- 5 -

equaled half of the parties' marital share. Therefore, it is a reasonable inference that the method that the circuit court used to determine the percentage of the husband's separate share of the marital home was the amount of the purchase price divided by the amount of his separate contributions.

This Court has previously approved a similar approach which involved:

> (1) compar[ing] husband's separate contributions . . . to the original purchase price . . . , yielding a [percentage] figure of . . . separate property contributed, and (2) giv[ing] husband a share of the [total] equity in the same percentage as his contribution to the purchase price, . . . for a total separate share . . . including a return of his separate property and earnings thereon.

Rinaldi v. Rinaldi, 53 Va. App. 61, 72 (2008) (alterations in original) (quoting Keeling v. Keeling, 47 Va. App. 484, 488 (2006)). As in Rinaldi, application of this classification method achieved an equitable result in light of the facts of this case. See id.

The husband urges application of the Brandenburg formula to determine his separate share of the house. See Hart v. Hart, 27 Va. App. 46, 64-65 (1998) (citing Brandenburg v. Brandenburg, 617 S.W.2d 871 (Ky. Ct. App. 1981)). This formula involves calculating the portion of the equity traceable to the separate contribution by dividing the nonmarital contribution by the total contribution and then multiplying that number by the equity in the property. Id. at 65. It is an approved method for determining the increase in value attributable to a separate contribution. Id. at 66. However, the Brandenburg formula is not the only acceptable way to determine marital and separate property interests. See, e.g., Rinaldi, 53 Va. App. at 70.

Based on the record, we hold that the circuit court acted within its discretion in determining the marital and separate shares of the Taylor Street house. We do not separately address the husband's second assignment of error, which relies on the supposition that personal contributions of the wife would be the only way to justify the determination of the marital share of the house. The circuit court's share determination was entirely reasonable even though the

wife did not present evidence that her personal contributions added to the value of the property. For these reasons, we affirm the circuit court's equitable distribution award.

## B. Attorney's Fees

The husband contends that the circuit court abused its discretion in awarding the wife $15,000 in attorney's fees. He suggests that "[i]f this Court determines that the lower court failed to accurately value the Taylor [Street] property[,] . . . the award of attorney's fees . . . was also in error." The husband also argues that the award of fees was inappropriate based on the wife's destruction of relevant evidence and perjury.

If a divorce matter does not involve a property settlement agreement that "contain[s] a provision governing a fee dispute, '[a]n award of attorney's fees and costs "is a matter for the trial court's sound discretion after considering the circumstances and equities of the entire case."'" Jones v. Gates, 68 Va. App. 100, 105 (2017) (quoting Mayer v. Corso-Mayer, 62 Va. App. 713, 731 (2014)). "The key to determining a 'proper award of [attorney's] fees is reasonableness under all the circumstances.'" Milot v. Milot, 62 Va. App. 415, 426 (2013) (alteration in original) (quoting Joynes v. Payne, 36 Va. App. 401, 429 (2001)). "Such decision 'is reviewable on appeal only for an abuse of discretion.'" Jones, 68 Va. App. at 105 (quoting Graves v. Graves, 4 Va. App. 326, 333 (1987)). As with any other issue, this Court must defer to any findings of fact underpinning the circuit court's award of fees and costs. See Congdon, 40 Va. App. at 261-62.

The circuit court considered the circumstances of the case, including the amounts of attorneys' fees incurred by the parties, the history of the case, the husband's arguments regarding the difficulties that the wife caused during litigation, and the fact that the wife was denied spousal support. In addition, the court found that the husband had more control over the length of the litigation. In light of the broad discretion granted to the circuit court in determining an

award of attorney's fees, we conclude that the court properly considered the circumstances of the case. See Milot, 62 Va. App. at 426. Consequently, the record supports the circuit court's award of fees. Based on the record before us, we hold that the court did not abuse its discretion in granting the wife the award of $15,000 in attorney's fees.

### III. CONCLUSION

The record, viewed under the proper standard, supports the circuit court's ruling regarding the proportion of the husband's separate share of the marital home. Further, the court did not abuse its discretion in awarding the wife attorney's fees. For these reasons, we affirm the decision of the circuit court.

Affirmed.