COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Senior Judges Annunziata, Frank and Petty


SHANNON MYERS TIPTON

                                                    MEMORANDUM OPINION*
v.      Record No. 0673-21-3                              PER CURIAM
                                                         MAY 24, 2022

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                            Stacey W. Moreau, Judge

              (Michael A. Nicholas; Daniel, Medley & Kirby, P.C., on brief), for
              appellant.  Appellant submitting on brief.

              (Jason S. Miyares, Attorney General; Victoria Johnson, Assistant
              Attorney General, on brief), for appellee.


        Appellant's counsel has moved for leave to withdraw.  The motion to withdraw is

accompanied by a brief referring to the part of the record that might arguably support this appeal.

A copy of that brief has been furnished to appellant with sufficient time for her to raise any

matter that she chooses.  Appellant has not filed any supplemental pleadings.

        We have reviewed the parties' pleadings, fully examined the proceedings, and determined

the case to be wholly without merit as set forth below.  Thus, the panel unanimously holds that oral

argument is unnecessary.  *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

On April 28, 2020, appellant's elderly mother, Eileen Myers, was admitted to a Danville hospital with severe wounds on her body. She was emaciated, non-ambulatory, and suffering from starvation. The hospital contacted Adult Protective Services. Myers was treated at the hospital until May 8 and then transferred to Riverside Rehabilitation, where she ultimately received hospice care. Her condition was "incurable" and "terminal," and she died on July 16, 2020. An autopsy listed her cause of death as bacteremia, dehydration, and chronic malnutrition. Appellant was responsible for the care of her mother before Myers's admission to the hospital.

A grand jury indicted appellant on one count of felony murder, in violation of Code § 18.2-33, and one count of elder abuse or neglect resulting in death, in violation of Code § 18.2-369(B). Before trial, appellant filed a motion to dismiss the felony murder indictment. In her written motion, and at a hearing on the motion, appellant argued that felony murder under Code § 18.2-33, and elder abuse or neglect resulting in death under Code § 18.2-369(B), are essentially the same offense and, thus, a trial on both indictments violated her constitutional right to be free from double jeopardy. Appellant asserted that the Commonwealth was restricted to a prosecution for the elder abuse or neglect charge and suggested that if she was convicted of both charges, she could be sentenced only for violating Code § 18.2-369(B). The trial court denied the motion.

The jury convicted appellant of both offenses. Upon the Commonwealth's motion, the trial court merged the conviction under Code § 18.2-369 into appellant's conviction for Code § 18.2-33, for purposes of sentencing. The jury thereafter recommended a prison sentence of thirty years for

---

[1] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

the felony murder.[2]  At a subsequent sentencing hearing, the trial court imposed the jury's

recommended sentence.

ANALYSIS

Appellant contends that the trial court erred in denying her pre-trial motion to dismiss the

indictment for felony murder on grounds that a prosecution for that offense violated her "right to be

free of double jeopardy."  We disagree.

"[C]onstitutional arguments are questions of law that [this Court reviews] *de novo*."  *Lively*

*v. Smith*, 72 Va. App. 429, 440 (2020) (alterations in original) (quoting *Milot v. Milot*, 62 Va. App.

415, 422 (2013)).  "However, 'this Court will not disturb the factual findings of the [circuit] court

unless plainly wrong or unsupported by the evidence.'"  *Id.* (quoting *Canales v. Torres Orellana*, 67

Va. App. 759, 773 (2017) (*en banc*)).

The Double Jeopardy Clause of the United States Constitution "guarantees protection

against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the

same offense after conviction; and (3) multiple punishments for the same offense."  *Commonwealth*

*v. Gregg*, 295 Va. 293, 298 (2018) (quoting *Payne v. Commonwealth*, 257 Va. 216, 227 (1999)).

"In the single-trial setting, 'the role of the constitutional guarantee is limited to assuring that the

court does not exceed its legislative authorization by imposing multiple punishments for the same

offense.'"  *Andrews v. Commonwealth*, 280 Va. 231, 279 (2010) (quoting *Blythe v. Commonwealth*,

222 Va. 722, 725 (1981)).  The present case involves the third double jeopardy protection because

appellant's convictions resulted from a single trial.

---

[2] At trial, the Commonwealth conceded that it would be a violation of appellant's right to be free from double jeopardy were the jury to sentence her under both statutes.  The Commonwealth does not make the same concession on appeal.  Nevertheless, we assume *arguendo* that the two statutes effectively charged a single offense and, thus, that the imposition of multiple punishments would have been a violation of double jeopardy.

It is well-settled that "[a] prosecutor has the discretion to decide under which of several applicable statutes [criminal] charges shall be instituted." *George v. Commonwealth*, 51 Va. App. 137, 143 (quoting *In re Robert F. Horan*, 271 Va. 258, 264 (2006)), *aff'd*, 276 Va. 767 (2008). Undeniably, a prosecutor is "free to indict an individual for as many separate crimes as the Commonwealth, in good faith, thinks it can prove." *Andrews*, 280 Va. at 268 (quoting *Buchanan v. Commonwealth*, 238 Va. 389, 397 (1989)). Moreover, "the Commonwealth is free to charge the commission of a single offense in several different ways in order to meet the contingencies of proof." *Id.* (quoting *Buchanan*, 238 Va. at 397). However, where multiple indictments effectively charge a single offense, the Commonwealth must "seek to obtain only one punishment" upon conviction. *Id.* at 287.

In this case, the prosecutor sought and obtained indictments against appellant for felony murder under Code § 18.2-33 and elder abuse or neglect resulting in death under Code § 18.2-369(B). Felony murder is "[t]he killing of one accidentally, contrary to the intention of the parties, while in the prosecution of some felonious act other than those specified in §§ 18.2-31 and 18.2-32 . . . ." Code § 18.2-33. Felony murder is "murder of the second degree" punishable in prison "for not less than five years nor more than forty years." *Id.* Code § 18.2-369(B) criminalizes elder abuse and neglect, and provides:

> Any responsible person who abuses or neglects an incapacitated adult in violation of this section and the abuse or neglect results in serious bodily injury or disease to the incapacitated adult is guilty of a Class 4 felony. Any responsible person who abuses or neglects an incapacitated adult in violation of this section and the abuse or neglect results in the death of the incapacitated adult is guilty of a Class 3 felony.

An "incapacitated adult" is "any person 18 years of age or older who is impaired by reason of mental illness, intellectual disability, physical illness or disability, advanced age or other causes to the extent the adult lacks sufficient understanding or capacity to make, communicate or carry out

- 4 -

reasonable decisions concerning his well-being." Code § 18.2-369(C). "'Neglect' means the knowing and willful failure by a responsible person to provide treatment, care, goods or services which results in injury to the health or endangers the safety of an incapacitated adult." *Id.* Code § 18.2-369(C) defines a "responsible person" as someone "who has responsibility for the care, custody or control of an incapacitated person by operation of law or who has assumed such responsibility voluntarily, by contract or in fact.'" *Id.*

There was no dispute that appellant was responsible for the care of her mother or that her mother was an incapacitated adult for purposes of Code § 18.2-369(C). The facts known to the Commonwealth also clearly established probable cause that Myers died as a result of appellant's criminal neglect. It follows that, because the facts fit within the proscriptions of both statutes, the Commonwealth could, and did, seek indictments against appellant for both felony murder and elder abuse or neglect. Thus, the prosecution's election to indict appellant for both offenses was appropriate, and the trial court did not err in denying appellant's pre-trial motion to dismiss the felony murder indictment.

After obtaining convictions under both statutes, the Commonwealth asked that the elder abuse or neglect charge be merged with the felony murder conviction for purposes of sentencing. The trial court granted that motion, and the jury imposed a sentence of thirty years for felony murder. Appellant was not punished for violating Code § 18.2-369(B). Thus, appellant failed to show that her right to be free from double jeopardy was violated because she was not sentenced for more than one offense. *See Gregg*, 295 Va. App. at 298.

Appellant's assertion that the Commonwealth was required to elect Code § 18.2-369 for sentencing is also unavailing. "Just as a defendant has no constitutional right to elect which of two applicable [] statutes shall be the basis of his indictment and prosecution neither is he entitled to choose the penalty scheme under which he will be sentenced." *United States v. Batchelder*, 442

U.S. 114, 125 (1979); *see also Holley v. Commonwealth*, 64 Va. App. 156, 166 (2014) (*en banc*) ("Where a defendant is convicted in a single trial of a lesser included offense and the greater offense, we must vacate the conviction of the lesser included offense." (quoting *Clayton Motors v. Commonwealth*, 14 Va. App. 470, 473 (1992))).

On the facts presented here, we hold that the trial court did not err in denying appellant's pre-trial motion to dismiss the felony murder indictment or in merging the conviction for Code § 18.2-369 into the conviction for felony murder for purposes of sentencing. Appellant's double jeopardy rights were not violated.

CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). This Court's records shall reflect that Shannon Myers Tipton is now proceeding without the assistance of counsel in this matter and is representing herself on any further proceedings or appeal.

*Affirmed*.