PRESENT: Lemons, C.J., Goodwyn, Mims, McClanahan, Powell, and Kelsey, JJ., and Millette, S.J.

JSR MECHANICAL, INC.

OPINION BY
SENIOR JUSTICE LEROY F. MILLETTE, JR.

v. Record No. 150638

April 21, 2016

AIRECO SUPPLY, INC.


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Lon E. Farris, Judge

In this appeal we review the meaning and application of Virginia Code § 8.01-335(B) on the question of whether a circuit court has discretion to deny a procedural motion to reinstate a case that has been discontinued or dismissed under this subsection of the statute when the party seeking reinstatement has complied with the timeliness and notice requirements. Upon a review of the statute as a whole, and its legislative history, we conclude that such discretion does not exist. We therefore reverse the judgment of the circuit court denying the motion to reinstate.

## I. FACTS AND PROCEEDINGS

On July 23, 2010, JSR Mechanical ("JSR") filed a complaint against Aireco Supply, Inc. ("Aireco"), alleging breach of contract and negligence. The complaint sought $38,000 in damages. Aireco filed an answer on August 19, 2010. There were no further pleadings filed by the parties for the next four years.

Code § 8.01-335(B) provides:

Any court in which is pending a case wherein for more than three years there has been no order or proceeding, except to continue it, may, in its discretion, order it to be struck from its docket and the action shall thereby be discontinued. The court may dismiss cases under this subsection without any notice to the parties. The clerk shall provide the parties with a copy of the final order discontinuing or dismissing the case. Any case discontinued or dismissed under the provisions of

this subsection may be reinstated, on motion, after notice to the parties in interest, if known, or their counsel of record within one year from the date of such order but not after.

On January 31, 2014, under the authority of Code § 8.01-335(B), the circuit court entered a final order stating that the case had been pending for over three years with no proceedings and was therefore discontinued and stricken from the docket.

On January 23, 2015, JSR filed a motion to reinstate. JSR alleged that Aireco allowed Tyrone Fletcher to make purchases using JSR's account without authorization; that Fletcher was convicted of criminal charges in Maryland and ordered to pay $35,000 in restitution; that despite hearings for violation of his probation, Fletcher had continued to be noncompliant; and that JSR no longer believes recovery is possible through the restitution order. As the only remaining avenue to recover the balance was to proceed against Aireco, JSR sought to reinstate the suit. JSR attached copies of the Maryland docket to its motion, which also included a certificate of service to Aireco.

On January 30, 2015, the circuit court heard the motion. That day, the court entered an order stating: "Upon consideration of the motion and arguments of counsel for the Parties, it appearing to the Court that just cause and sufficient grounds do not exist for granting Plaintiff's motion, it is hereby ORDERED that Plaintiff's Motion to Reinstate is hereby DENIED." JSR now appeals.

## II. DISCUSSION

### A. Sufficiency of the Record

Before we address the merits of the case, we first address whether the record, as submitted by JSR on appeal, is sufficient to allow us to reach its assigned error. Aireco urges

2

that we dismiss the case for failure to file a transcript or written statement in compliance with Rule 5:11.

Rule 5:11 is not jurisdictional. See Smith v. Commonwealth, 281 Va. 464, 467-70, 706 S.E.2d 889, 891-93 (2011). However, "[w]hen the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues related to the assignment of error, any assignments of error affected by the omission shall not be considered." Rule 5:11(a). We must therefore examine the manuscript record before us to ensure it is sufficient without a transcript or statement of facts.

JSR raises a pure question of law. As it is well-established that a court speaks only through its written orders, Temple v. Mary Washington Hosp., 288 Va. 134, 141, 762 S.E.2d 751, 754 (2014) (collecting cases), the circuit court's final order finding no "just cause" does raise the statutory question to which JSR assigns error: whether the circuit court had discretion to deny the motion.

First, however, in order to establish that JSR was entitled to the benefit of reinstatement pursuant to the statute, the record must reflect that JSR met the timeliness and notice requirements explicitly prescribed in Code § 8.01-335(B). The final order stated that "just cause and sufficient grounds do not exist." "[S]ufficient grounds" might have been another way of expressing that the circuit court exercised its discretion in denying the motion for reinstatement; it would then fall under the scope of the assignment of error granted by this Court. However, if the "sufficient grounds" for denying reinstatement included lack of timeliness or notice, the circuit court would have had a valid independent ground for its ruling, and JSR would have no basis for appeal. See Parker-Smith v. Sto Corp., 262 Va. 432, 441, 551 S.E.2d 615, 620 (2001) ("Since the court had an independent basis for [its ruling] that is not the

subject of an assignment of error, we cannot consider the arguments advanced by" the appellant.).  The burden lies with the appellant to provide a record sufficient to make this determination.  Rule 5:11(a).

The manuscript record indicates that the motion to reinstate was filed, argument by the parties heard, and the motion ruled upon, all within one year of the discontinuance from the docket.  The motion to reinstate includes a certificate of notice.  Although the manuscript record does not include any pleadings by Aireco, the final order, entered on the same date the motion was considered, refers to consideration of "arguments of counsel for the Parties," (emphases added), and counsel for Aireco signed the final order without notation or objection.  There are only two parties in this case.  The manuscript record thus reflects that timely notice was provided such that Aireco did in fact appear, argue, and sign the final order.

Accordingly, we conclude that the manuscript record sufficiently sets before the Court the pure issue of law as to the appropriate discretion afforded the circuit court under Code § 8.01-335(B), and we proceed to the merits of JSR's appeal.

B.  Code § 8.01-335(B)

The dispositive issue in this case is whether, once a plaintiff has complied with the timeliness and notice requirements of Code § 8.01-335(B), the circuit court has discretion to deny a motion based on lack of "good cause" or "just cause," as this is not an explicit requirement provided for in the statute for reinstatement following discontinuance.

1.  Standard of Review

"Under well-established principles, an issue of statutory interpretation is a pure question of law which we review de novo." Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007).  When the language of a statute is unambiguous,

4

we are bound by its plain meaning.  Id.  "In interpreting [a] statute, 'courts apply the plain meaning . . . unless the terms are ambiguous or applying the plain language would lead to an absurd result.'"  Baker v. Commonwealth, 284 Va. 572, 576, 733 S.E.2d 642, 644 (2012) (quoting Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 926 (2006)).  If a statute is subject to more than one interpretation, this Court must "apply the interpretation that will carry out the legislative intent behind the statute."  Conyers, 273 Va. at 104, 639 S.E.2d at 178.

2.    Judicial Discretion in Reinstatement

To determine whether language is ambiguous, we must consider whether "the text can be understood in more than one way or refers to two or more things simultaneously [or] whe[ther] the language is difficult to comprehend, is of doubtful import, or lacks clearness or definiteness."  Boynton, 271 Va. at 227 n.8, 623 S.E.2d at 926 n.8 (citation and internal quotation marks omitted).

The disputed portion of Code § 8.01-335(B) provides: "Any case discontinued or dismissed under the provisions of this subsection may be reinstated, on motion, after notice to the parties in interest, if known, or their counsel of record within one year from the date of such order but not after."  (Emphasis added.)

Aireco argues that the use of the term "may" rather than "shall" indicates a plain and deliberate choice by the legislature to allow judicial discretion as to the reinstatement of the case.  On this reading, the method of reinstatement, by motion practice, which allows for argument and can be granted or denied, equally supports the view that the plain language of the statute allows for judicial discretion.

JSR argues that the use of the word "may" rather than "shall" refers to the obvious fact that not all plaintiffs will elect to reinstate their case:  this is a permissive, not a mandatory,

5

provision. Thus JSR contends that the motion practice merely refers to how the case must get back on the docket: it is insufficient, after years of inaction on a case, for a plaintiff to telephone the clerk's office and request that the case be considered active. A motion filing, with notice, is required, so that other opposing parties are put on notice that the case is to be reinstated on the docket.

Because "'[a] statute is not to be construed by singling out a particular phrase,'" we must also consider the disputed portion in context. Eberhardt v. Fairfax Cnty. Employees' Retirement Sys. Bd. of Trustees, 283 Va. 190, 195, 721 S.E.2d 524, 526 (2012) (quoting Virginia Elec. & Power Co. v. Board of Cnty. Supervisors, 226 Va. 382, 388, 309 S.E.2d 308, 311 (1983)). The contextual reading of Code § 8.01-335(B) does not render the meaning of the subsection plain. The fact that the "case" appears to be the subject of "may be reinstated" still leaves the subsection silent as to the issue of whether the judge should have discretion to reinstate a case when proper notice has been timely given, and it is unclear whether the discretion alluded to in the first sentence carries throughout the entire subsection.

Given that the statutory language is, in fact, subject to more than one interpretation, "'we must apply the interpretation that will carry out the legislative intent behind the statute.'" Kozmina v. Commonwealth, 281 Va. 347, 349-50, 706 S.E.2d 860, 862 (2011) (quoting Conyers, 273 Va. at 104, 639 S.E.2d at 178).

"[S]tatutes are not to be considered as isolated fragments of law, but as a whole, or as parts of a great connected, homogenous system, or a single and complete statutory arrangement." Prillaman v. Commonwealth, 199 Va. 401, 405, 100 S.E.2d 4, 7 (1957) (quoting 50 Am. Jur. Statutes § 349). We therefore find guidance in considering Code § 8.01-335 by reference to the terms of like statutes in Title 8.01 – Civil Remedies and Procedure, as a

6

whole. The term "good cause" appears 46 times in Title 8.01. The General Assembly clearly demonstrated its ability to invoke this standard, but declined to do so in the reinstatement of discontinued or dismissed cases under this statute. When the General Assembly omits language from a statute that is present in surrounding statutes, we find it to be "'an unambiguous manifestation of contrary intention'" of the legislature. Cuccinelli v. Rector & Visitors of the Univ. of Va., 283 Va. 420, 428, 722 S.E.2d 626, 631 (2012) (quoting Halifax Corp. v. Wachovia Bank, 268 Va. 641, 654, 604 S.E.2d 403, 408 (2004)).

We further find the legislative history particularly informative in resolving this statute's ambiguity. See Newberry Station Homeowners Ass'n v. Board of Supervisors, 285 Va. 604, 614, 740 S.E.2d 548, 553 (2013). The General Assembly amended this statute in 1997 to include a "for cause" element, such that the statute read ". . . may be reinstated, on motion and for cause . . . ." 1997 Acts ch. 680. The General Assembly then struck the cause requirement by a subsequent amendment in 1999. 1999 Acts ch. 652. Such a history makes clear that the General Assembly was aware of the issue, which leads to the conclusion that it specifically did not intend any additional requirements other than timeliness and notice.

Aireco argues that legislative history suggests the opposite: that a "for cause" requirement restricts a circuit court's discretion by requiring a finding of whether "cause" exists, and the intent of striking the "for cause" element was to give the circuit court unfettered discretion whether to grant or deny the motion to reinstate the discontinued case without any basis whatsoever.

We find this interpretation strained and therefore must reject it. See, e.g., Lawlor v. Commonwealth, 285 Va. 187, 237, 738, 738 S.E.2d 847, 875 (2013) (observing that the "plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or

strained construction"). If the General Assembly was as intent on preserving the circuit court's discretion as Aireco proposes, we conclude it would have said so explicitly. We decline to read unfettered discretion into a procedural provision which appears, based on the actual language invoked and relevant legislative history, to be dependent solely on compliance with timeliness and notice.

This understanding is consistent with the general purpose of the statute: to allow courts to periodically purge their dockets of actions not being actively prosecuted. Because the statute does not provide for notice or an opportunity to be heard before such cases are discontinued or dismissed, liberally granting motions to reinstate comports with notions of due process and access to the justice system.

## III. CONCLUSION

For the aforementioned reasons, we will reverse the judgment of the circuit court and remand for further proceedings.

Reversed and remanded.