REBECCA BEACH SMITH, CHIEF JUDGE
This matter comes before the court on the Motion to Reopen Limitation Action ("Motion to Reopen") by God's Mercy, LLC, ("Limitation Plaintiff"), filed November 28, 2017. Mot., ECF No. 39; Mem. Supp., ECF No. 40. On December 4, 2017, the Claimant filed a Memorandum in Opposition to Motion to Reopen Limitation Action. Mem. Opp'n, ECF No. 41. On December 11, 2017, the Limitation Plaintiff filed a Reply. ECF No. 42. For the reasons below, the court DENIES WITHOUT PREJUDICE the Limitation Plaintiff's Motion to Reopen. Consequently, the court DISMISSES WITHOUT PREJUDICE the Limitation Plaintiff's Motion for Entry of Judgment of Exoneration by Default ("Motion for Entry of Judgment"). ECF No. 32. Furthermore, the court DENIES WITHOUT PREJUDICE the Claimant's Counsel's Motion to Withdraw because Counsel has provided no facts to enable the court to find withdrawal appropriate at this point. ECF No. 36.
I. FACTUAL AND PROCEDURAL BACKGROUND
On July 18, 2011, the Claimant filed a civil lawsuit against the Limitation Plaintiff in Newport News Circuit Court, alleging negligence, unseaworthiness, and failure to pay maintenance and cure, for injuries he sustained while working aboard the Limitation Plaintiff's vessel. ECF No. 1-1. On August 1, 2011, the Limitation Plaintiff submitted a Complaint in Admiralty for exoneration from or limitation of liability in this court pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501 - 30512. ECF No. 1. On August 5, 2011, this court issued an Order of Publication and Stay, staying all other claims against the Limitation Plaintiff. ECF No. 9.
On September 28, 2011, the Claimant submitted the only Answer and Claim in the limitation action. ECF Nos. 12, 13. On December 1, 2011, the Claimant submitted a Motion to Lift Injunction and Stay Limitation Action in order to pursue his claims in Newport News Circuit Court. ECF Nos. 17-19. That Motion was granted on December 5, 2011. ECF No. 20. On November 27, 2012, this court issued an Order of Closure, administratively closing the present lawsuit, pending the conclusion of the Claimant's state court action. ECF No. 27. In the Order of Closure, the court provided that "the parties have thirty (30) days in which to file to reopen this proceeding in this federal court at the conclusion of the state court action, if appropriate." Id.
On June 27, 2013, the Claimant's Counsel withdrew as counsel of record in his state action. ECF No. 28-1. Subsequently, the state lawsuit remained inactive in Newport News Circuit Court until June 2016. ECF No. 30-1. At that time, in light of the impending dismissal of the Claimant's suit for failure to prosecute under Virginia Code § 8.01-335(B), the Claimant requested and received an additional year to acquire new counsel and pursue his action. Id. That one-year period expired *906 with no action by the Claimant, and on June 27, 2017, the Virginia court "struck ... and discontinued" the Claimant's case from its docket pursuant to § 8.01-335(B). ECF No. 31-1. In its Striking Order, the court provided that the case "may be reinstated, on motion, after notice to the parties of interest ... within one year." Id.
On October 4, 2017, the Limitation Plaintiff filed a Motion for Entry of Judgment in this court, arguing that the Claimant had failed to prosecute the action in state court. Mot. Entry J., ECF No. 32; Mem. Supp. Entry J., ECF No. 33. The Claimant's Counsel, who continues to represent the Claimant in this court, filed a Memorandum in Opposition to Motion for Entry of Judgment on October 16, 2017. ECF No. 34. On October 23, 2017, the Claimant's Counsel filed to withdraw as counsel in this court as well. Mot. Withdraw, ECF No. 36; Mem. Supp. Mot. Withdraw, ECF No. 37. In an Order on October 30, 2017, the court held both motions in abeyance and directed the parties to file a motion to reopen, addressing whether the Claimant's "state court action ha[d] concluded," as required per the court's Order of Closure. ECF No. 38.
In its instant Motion to Reopen, the Limitation Plaintiff argues that the Claimant's state court action has concluded because "the state court has struck the action from its docket." Mem. Supp. at 2. The Limitation Plaintiff also claims that "the purpose of the Court's [O]rder of [C]losure no longer exists" because the Claimant "has had an opportunity to litigate his claims in state court." Id. at 3. The Claimant, through Counsel, responds that "a lawsuit is not concluded until every legal option available to the plaintiff has been exhausted." Mem. Opp'n at 2. The Claimant also responds that "[a] state court action is not concluded because it is struck from the state court's docket." Id.
II. ANALYSIS
A. MOTIONS TO REOPEN AND FOR ENTRY OF JUDGMENT
Virginia Code § 8.01-335(B) allows a court to discontinue and strike from its docket a "case wherein for more than three years there has been no order or proceeding, except to continue it." Va. Code Ann. § 8.01-335(B). Discontinuances and dismissals under this section may occur "without any notice to the parties." Id. However, where a case is dismissed or discontinued, it "may be reinstated, on motion, after notice to the parties in interest ... within one year from the date of such order." Id.
In interpreting this provision, Virginia courts have recognized that a discontinuance pursuant to § 8.01-335(B) is statutorily distinct from a dismissal with prejudice. Collins v. Shepherd, 274 Va. 390, 649 S.E.2d 672, 677 (2007).[1] While a discontinuance "provides the parties ... the opportunity to reinstate the case within one year," a dismissal with prejudice does not. Id. Furthermore, because § 8.01-335(B) requires no notice to litigants prior to the discontinuance of a claim, the one-year reinstatement period preserves the constitutionality of § 8.01-335(B) by serving as an "adequate post-deprivation remedy."
*907 Milot v. Milot, 62 Va.App. 415, 748 S.E.2d 655, 659 (2013). In fact, Virginia courts have no discretion to deny the reinstatement of a discontinued claim because § 8.01-335(B)"does not provide for notice or an opportunity to be heard before such cases are discontinued or dismissed." JSR Mech. Inc. v. Aireco Supply, Inc., 291 Va. 377, 786 S.E.2d 144, 148 (2016).
To find the Claimant's state court action concluded, despite the claim's active one-year reinstatement period, would overlook the statutory distinction between a dismissal with prejudice and a discontinuance without prejudice to refile the case within the statutorily specified time period. It would also call into question the constitutionality of § 8.01-335(B) as applied to the Claimant, because the application of the statute would subject the Claimant to the consequences of a dismissal without affording him the benefit of the reinstatement period of § 8.01-335(B). Because the Claimant may still act to reinstate his claim, and because the Claimant's ability to do so pursuant to § 8.01-335(B) is essential to that provision's constitutionality, the court CONCLUDES that his state court action remains available and ongoing until the one-year period expires on June 28, 2018.
For these reasons, the Limitation Plaintiff's Motion to Reopen is DENIED WITHOUT PREJUDICE to refile it, and the Limitation Plaintiff's Motion for Entry of Judgment is, therefore, DISMISSED WITHOUT PREJUDICE. The Limitation Plaintiff is cautioned that any motion to reopen must be filed within thirty (30) days of the conclusion of the Claimant's state court action. See Order of Closure, ECF No. 27.[2]
B. COUNSEL'S MOTION TO WITHDRAW
As to the Claimant's Counsel's Motion to Withdraw, the court FINDS that Counsel has provided no facts to allow the court to determine whether withdrawal at this point is appropriate. Accordingly, the court DENIES WITHOUT PREJUDICE Counsel's Motion to Withdraw.
"Under Local Rule 7(I), the court applies the rules in the Virginia Code of Professional Conduct as the first step in deciding whether [counsel] ... may be given leave to withdraw." Portsmouth Redevelopment & Hous. Auth. v. BMI Apartment Assocs., 851 F.Supp. 775, 782 (E.D. Va. 1994). Pursuant to Rule 1.16(b) of the Virginia Rules of Professional Conduct :
[A] lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interest of the client, or if:
(1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is illegal or unjust;
(2) the client has used the lawyer's services to perpetrate a crime or fraud;
(3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or *908 (6) other good cause for withdrawal exists.
Va. Rules of Prof'l Conduct r. 1.16(b); see also Dauphin v. Jennings, No. 1:15-cv-149, 2017 WL 1745040, at *1 (E.D. Va. May 3, 2017) (applying the above rule in deciding whether to grant an attorney's motion to withdraw); BMI Apartment Assocs., 851 F.Supp. at 782 (outlining the above standard as codified also in the Virginia Code of Professional Conduct).
Here, Counsel's sole factual proffer is that "irreconcilable differences and conflict" exist between him and the Claimant. Mem. Supp. Mot. Withdraw ¶ 6. On the basis of this single assertion, the court cannot determine whether any of the above conditions for withdrawal are satisfied. Accordingly, Counsel's Motion to Withdraw is DENIED WITHOUT PREJUDICE.
III. CONCLUSION
For the above reasons, the court DENIES WITHOUT PREJUDICE the Limitation Plaintiff's Motion to Reopen. Consequently, the court DISMISSES WITHOUT PREJUDICE the Limitation Plaintiff's Motion for Entry of Judgment. Furthermore, because Counsel has failed to provide any facts, the court also DENIES WITHOUT PREJUDICE his Motion to Withdraw. The Clerk is DIRECTED to send a copy of this Memorandum Order to Counsel for the parties, and Counsel for the Claimant is DIRECTED to provide a copy of this Order to the Claimant.
IT IS SO ORDERED.

To this court's knowledge, no directly applicable case law exists in this district or the Fourth Circuit on whether a discontinuance pursuant to § 8.01-335(B) concludes a case so as to enable a federal court to proceed with a judgment in a limitation action. Because answering this question necessarily involves interpreting a Virginia statute, this court relies upon Virginia courts to determine the effect of the discontinuance of the Claimant's case.

The court notes that the current motions by the Limitation Plaintiff were not filed within thirty (30) days of the Claimant's action being discontinued under Virginia Code § 8.01-335(B). However, given the court's reasoning herein, the thirty (30) days had not yet begun to run.