COURT OF APPEALS OF VIRGINIA

Present:   Judges Fulton, Lorish and White
Argued at Norfolk, Virginia

UNPUBLISHED

COLONIAL RIVER WEALTH ADVISORS, LLC

MEMORANDUM OPINION[*] BY
v.       Record No. 0638-23-1           JUDGE KIMBERLEY SLAYTON WHITE
NOVEMBER 12, 2024

REVOLUTIONARY LION, LLC

FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
COUNTY OF JAMES CITY
Holly B. Smith, Judge

(Thomas M. Wolf; Joseph M. Rainsbury; O'Hagan Meyer, PLLC, on
briefs),[1] for appellant.

Henry I. Willet III (Christian & Barton, LLP, on brief), for appellee.


Revolutionary Lion, LLC filed an unlawful detainer action against Colonial River Wealth

Advisors, LLC in the general district court for unpaid fees, insurance premiums, rent payments, and

attorney fees, all obligations stemming from a 2019 asset purchase agreement and a subsequent

commercial lease agreement entered by the parties.  Following a judgment entered in favor of

Revolutionary Lion, Colonial River appealed to the circuit court for a de novo trial.  Colonial River

challenged the subject matter jurisdiction of the circuit court at a pre-trial hearing.  Following the

circuit court's denial of the challenge, Colonial River argued the defenses of constructive eviction

and the failure to mitigate damages at the bench trial.  The circuit court, at the conclusion of a bench

trial, ruled in favor of Revolutionary Lion on the unlawful detainer action and entered a final order

_____

[*] This opinion is not designated for publication.  See Code § 17.1-413(A).

[1] Counsel withdrew prior to oral argument.

awarding it damages and attorney fees. For the following reasons, we affirm the ruling of the trial court.

## BACKGROUND[2]

In February 2020, Colonial River and Revolutionary Lion entered a commercial lease agreement allowing for the rental of Revolutionary Lion's condominium unit by Colonial River for use as an office space.[3] The executed version of the agreement, however, identifies Colonial River as the "lessor" and Revolutionary Lion as the "lessee."[4] Still, it is undisputed that Colonial River occupied and used the unit for its business purposes. In fact, Colonial River paid the base rent as called for in the property lease for over a year.

On July 16, 2020, Revolutionary Lion's counsel sent correspondence to Colonial River's counsel outlining the amounts due to Revolutionary Lion for additional rent pursuant to paragraph 5 of the property lease. On October 30, 2020, Revolutionary Lion, again seeking amounts due, sent an invoice for insurance coverage, a payment coupon for the owner's association dues, proof of payment of electricity bills, and a statement of account for the condominium association dues. On January 28, 2021, Revolutionary Lion once again sent correspondence regarding amounts due. On February 26, 2021, Revolutionary Lion sent a notice of default to Colonial River "requesting that Colonial River pay the sum then due for the additional rent as set forth Paragraphs 4 and 5 of the Property Lease Agreement."

---

[2] On appeal, we recite the facts "in the 'light most favorable' to . . . the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Revolutionary Lion prevailed below.

[3] This lease stemmed from a 2019 asset purchase agreement involving the parties.

[4] Before the execution of the commercial lease agreement, counsel for Colonial River noted the error and made the correction in a version of the lease agreement in an email exchange with counsel for Revolutionary Lion. However, the correction was not contained in the final executed lease agreement.

In March 2021, Revolutionary Lion filed an unlawful detainer action in the Williamsburg/James City County General District Court seeking to recover unpaid rent from Colonial River as well as condominium association dues, five months of electricity bills, and insurance premiums ("additional rent") due under the terms of the property lease agreement entered into between Revolutionary Lion and Colonial River on February 21, 2020.

On August 23, 2021, Revolutionary Lion sent notice of Revolutionary Lion's intention to re-enter the premises since Colonial River stopped making even the base rent payments of $1,700 per month. In November 2021, the general district court entered judgment in favor of Revolutionary Lion, awarding it rent, late fees, and attorney fees, treating Revolutionary Lion as the lessor.

Colonial River appealed to the Circuit Court of the City of Williamsburg and James City County and then moved to dismiss for lack of subject matter jurisdiction. Colonial River argued by brief that the general district court did not have subject matter jurisdiction to grant the equitable remedy of reforming the lease agreement to identify Revolutionary Lion as the lessor and Colonial River as the lessee. Colonial River went on to argue that since the circuit court's jurisdiction is derivative of the general district court's jurisdiction, the circuit court lacked jurisdiction over the case.

Revolutionary Lion responded by brief arguing that it is unknown whether reformation was the basis for the general district court's award and that, in any case, there are "multiple other grounds on which to exercise subject matter jurisdiction over the matter at hand and to deny Defendant's Motion to Dismiss." Revolutionary Lion argued that "[t]he statutory threshold for the general district court's exercise of subject matter jurisdiction is satisfied by Virginia Code §§ 16.1-77(3) and 801-126." Revolutionary Lion also asserted that there was partial performance and conduct by the parties that reflected their intent for Revolutionary Lion to be the lessor and Colonial River to be the lessee. Revolutionary Lion further argued that the terms of the lease could

- 3 -

be enforced as a month-to-month tenancy. Revolutionary Lion finally argued that the circuit court, sitting de novo, would have "grounds other than reformation on which the court should enforce the agreement."

There is no transcript from the circuit court's hearing on the motion to dismiss. On October 4, 2022, the circuit court entered a one paragraph order, concluding that it had "the express authority granted by the Code of Virginia to hear and decide this unlawful detainer matter." The circuit court found that "[a]fter reviewing the written submissions [of the parties] and discussion of the matter on the record in open court, . . . the Property Lease Agreement at issue is an enforceable agreement and DENIES [Colonial River's] Motion to Dismiss for lack of Subject Matter Jurisdiction."

At the later bench trial, witnesses testified on behalf of the parties concerning the terms of the lease and the conduct of the parties during the lease period. The defense argued by Colonial River was two-pronged. First, Colonial River argued that it had been constructively evicted from the premises by the actions of Revolutionary Lion. Second, Colonial River argued that Revolutionary Lion had failed to mitigate any damages owed. After arguments, the circuit court ruled in Revolutionary Lion's favor and entered a judgment against Colonial River in the amount of $24, 178.31.[5] This appeal follows.

ANALYSIS

Appellate jurisdiction is limited by the Rules of the Supreme Court, the Code of Virginia, and by case law. Rule 5A:18 precludes appellate review of an objection not "stated with reasonable certainty at the time of the ruling" by the trial court. If the "record does not show that the trial court ruled on appellant's argument, there is no ruling of the trial court for this Court to review on appeal." *Duva v. Duva*, 55 Va. App. 286, 299 (2009). "The Court of Appeals will not

_____

[5] The circuit court declined to award the full amount requested "on the grounds the Plaintiff failed to mitigate its damages."

- 4 -

consider an argument on appeal which was not presented to the trial court." *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998). "[An] appellate court, in fairness to the trial judge, should not . . . put a different twist on a question that is at odds with the question presented to the trial court." *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999).

Also incumbent for an appellate court's ability to rule on an issue is the completeness of the record of the trial court proceedings presented for review. Rule 5A:8 provides the procedures litigants must follow to ensure that trial court proceeding transcripts or written statements of facts from those proceedings are properly before the appellate court for review. "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

We have held that where an "appeal challenges the correctness of a written opinion of the trial court involving pure issues of law where the parties' respective positions were repeatedly set forth in their pleadings in the trial court," a transcript of a hearing on that motion was not indispensable. *Shaw-McDonald v. Eye Consultants of N. Va., P.C.*, 79 Va. App. 576, 582 n.2 (2024); *see also JSR Mech., Inc. v. Aireco Supply, Inc.*, 291 Va. 377, 382 (2016) (finding a transcript not indispensable when the record "sufficiently sets before the Court the pure issue of law" on appeal); *Veldhuis v. Abboushi*, 77 Va. App. 599, 607 (2023) ("[T]he transcript is not indispensable . . . as we are able to dispose of the case by considering other portions of the record, namely the letter opinion issued by the trial court."). Previously, we explained that "if the record on appeal is sufficient in the absence of [a] transcript to determine the merits of the appellant's allegations, we are free to proceed to hear the case." *Salmon v. Commonwealth*, 32 Va. App. 586, 590 (2000) (alteration in original).

The application of both of these principles of appellate jurisprudence is in play in this case.

On appeal, Colonial River raises two points. First, Colonial River asserts that the circuit court did not enforce the plain language of the lease as written, arguing that as "lessor," Colonial River could not be liable for payments to the "lessee," Revolutionary Lion. Second, Colonial River challenges the subject matter jurisdiction of the circuit court in awarding judgment to Revolutionary Lion. Colonial River argues that the district court must have reformed the agreement between the parties for Revolutionary Lion to prevail. Asserting that the action of the district court amounted to an equitable remedy, Colonial River argues that the district court did not have jurisdiction to award that remedy. Colonial River further argues that the circuit court erred in finding the lease was "enforceable" because it resulted from a mutual mistake, and the circuit court had no equitable power to reform the lease because its jurisdiction was derivative of the lower court's jurisdiction.

Relevant to our analysis of the two arguments raised in this appeal is our review of the two instances when Colonial River asserted arguments to the trial court. Before trial, Colonial River filed a motion to dismiss, arguing that the circuit court lacked subject matter jurisdiction to rule on the case. Revolutionary Lion filed a motion in opposition, setting forth numerous arguments supporting the denial of the motion to dismiss. The other instance when Colonial River asserted arguments to the circuit court was at the bench trial. Arguing at the close of all the evidence, Colonial River asserted that it had been constructively evicted by the actions of Revolutionary Lion and that Revolutionary Lion had failed to mitigate its damages.

Considering the limited record before us, nothing shows that Colonial River ever argued to the circuit court that it was not required to pay rent because the agreement referred to it as the lessor. In fact, the record contains no ruling interpreting the lease agreement. Colonial River asserts, however, that the circuit court must have interpreted the contract, and ignored the plain language

- 6 -

of the contract in doing so, because such a conclusion was one of only two reasons the circuit court could have overruled their motion to dismiss for lack of jurisdiction. Yet, Colonial River recognizes in appellate briefing that the trial court "did not articulate the legal basis for rejecting . . . [the] Motion to Dismiss for Lack of Subject Matter Jurisdiction."

Colonial River's argument is waived for multiple reasons. First, it is not clear from the record that the circuit court made the ruling that Colonial River challenges, leaving this Court with nothing to review on appeal. *Amos v. Commonwealth*, 61 Va. App. 730, 745 (2013) (en banc), *aff'd*, 287 Va. 301 (2014). The one-paragraph order did not reflect what the circuit court relied on in the analysis nor otherwise explain how the circuit court reached its conclusions. In addition, Colonial River never asked the circuit court to find that the language of the lease prohibited Revolutionary Lion's recovery of rent; rather, Colonial River only moved the circuit court to dismiss the case because it lacked subject matter jurisdiction. To rule on an argument asserted on appeal, the argument must "be the same as the contemporaneous argument at trial." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019).

Colonial River's second assignment of error argues the circuit court erred in finding the lease agreement was enforceable as the agreement "resulted from a mutual mistake," and the court, "in a de novo appeal from General District Court, lacked the equitable power to reform the instrument." The record before us contains Colonial River's motion, Revolutionary Lion's opposition brief, and the trial court's order denying the motion. However, not contained in the record before this Court is the transcript of the proceeding when the motion to dismiss was presented and argued to the circuit court. Colonial River has failed to identify in any of these documents where the circuit court made a ruling that the lease agreement was enforceable because it "resulted from a mutual mistake." Without such a ruling, we have nothing to review. Colonial River argues this issue was preserved through its motion to dismiss for lack of subject

matter jurisdiction, and the court's ruling denying the same. But an argument about jurisdiction is not the same as an argument about the enforceability of a contract. The court's order contains no ruling on whether the lease agreement resulted from mutual mistake. For this reason, we find this assignment of error is not preserved. *See Amos*, 61 Va. App. at 745.

Finally, we recognize that subject matter jurisdiction is one of the rare issues that can be raised for the first time on appeal. *Watson v. Commonwealth*, 297 Va. 347, 352 (2019). Thus, regardless of whether we have a sufficient record to review the circuit court's decision as to its own subject matter jurisdiction, we must consider the question. Colonial River argues that the general district court must have relied on the reformation of the existing contract, a type of equitable relief, to resolve the unlawful detainer action before it. Therefore, Colonial River contends, the general district court lacked subject matter jurisdiction to grant relief to Revolutionary Lion, and because a circuit court's jurisdiction in an appeal from general district court is derived from, and limited by, the jurisdiction possessed by the general district court, the circuit court also lacked subject matter jurisdiction.

Assuming for the sake of argument that Colonial River is correct that a general district court has no authority to rely on equitable principles in ruling on an unlawful detainer action, there is no evidence before us that the general district court used equitable principles. Revolutionary Lion's opposition brief provided various possible grounds that the general district court could have relied on in ruling on the unlawful detainer action. Without any transcript of the proceedings before the circuit court, we have no evidence of any proffers as to the general district court's reasoning, or the reasoning through which the circuit court concluded it had jurisdiction. Our Supreme Court has long held "that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." *Justis*

*v. Young*, 202 Va. 631, 632 (1961).  Colonial River asks us to presume the opposite—that two lower courts here erred through their reasoning—through inference alone.  "If the appellant fails to [present a complete record], the judgment will be affirmed."  *Id.*  Thus, we cannot say the circuit court lacked jurisdiction over this action.

## CONCLUSION

For the reasons stated above, we affirm the circuit court.

*Affirmed.*