COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Russell and Athey
Argued at Lexington, Virginia


TIMOTHY M. BARRETT

                                                     MEMORANDUM OPINION* BY
v.        Record No. 0074-19-3              JUDGE CLIFFORD L. ATHEY, JR.
                                                     FEBRUARY 11, 2020
COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES, DIVISION
 OF CHILD SUPPORT ENFORCEMENT
 *ex rel.* VALERIE JILL RHUDY MINOR AND
 VALERIE JILL RHUDY MINOR


                FROM THE CIRCUIT COURT OF GRAYSON COUNTY
                              H.L. Harrell, Judge

          Timothy M. Barrett, *pro se*.

          Steven R. Minor (Elliott, Lawson & Minor, on brief), for appellee
          Valerie Jill Rhudy Minor.

          No brief or argument for appellee Commonwealth of Virginia,
          Department of Social Services, Division of Child Support
          Enforcement *ex rel.* Valerie Jill Rhudy Minor.


     Again this Court is presented with the latest of an exhaustive series of appeals filed by

Timothy M. Barrett ("Barrett") arising from his divorce from Valerie Jill Rhudy Minor

("Minor") and the resulting child support issues.[1]  The instant appeal arose from orders of the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] See Barrett v. Barrett, No. 1123-04-1 (Va. Ct. App. Apr. 26, 2005); Barrett v. Barrett, No. 0992-05-3 (Va. Ct. App. Nov. 15, 2005); Barrett v. Barrett, No. 0902-06-3 (Va. Ct. App. Oct. 17, 2006); Barrett v. Commonwealth, Dep't of Soc. Servs., Div. of Child Support Enf't ex rel. Barrett, No. 1332-07-3 (Va. Ct. App. Apr. 29, 2008); Barrett v. Barrett, No. 0753-10-3 (Va. Ct. App. Jan. 25, 2011); Barrett v. Commonwealth, No. 1381-10-3 (Va. Ct. App. July 26, 2011); Barrett v. Commonwealth, Dep't of Soc. Servs., Div. of Child Support Enf't ex rel.

Grayson County Circuit Court ("Grayson circuit court") that modified Barrett's child support

obligation ("2018 order") on remand from this Court. It is from this 2018 order that Barrett

appeals, presenting a total of eighteen assignments of error:

1. The [Grayson circuit court] erred in violating the Mandate Rule.

2. The [Grayson circuit court] erred in awarding support for children who had reached the age of majority.

3. The [Grayson circuit court] erred as to the date of retroactivity.

4. The [Grayson circuit court] erred in relying on Judge Dorsey's Order.

5. The [Grayson circuit court] erred in failing to quantify Minor's income and detail its analytical process in determining that income and arrears.

6. The [Grayson circuit court] erred in failing to consider Mr. Minor's *pro bono* legal services as income.

7. The [Grayson circuit court] erred in not including a forgiven loan in Minor's income.

8. The [Grayson circuit court] erred in failing to find Minor voluntarily unemployed.

9. The [Grayson circuit court] erred in how it determined Minor's income.

10. The [Grayson circuit court] erred in how it determined Barrett's presumptive income.

11. The [Grayson circuit court] erred in finding Barrett to be voluntarily unemployed.

12. The [Grayson circuit court] erred in how it considered the deviating factors.

13. The [Grayson circuit court] erred in how it determined the arrears.

14. The [Grayson circuit court] erred in awarding the Income Tax Deduction Exemption (IDTE) to Minor.

15. The [Grayson circuit court] erred in not including all the required elements of Va. Code Ann. § 20-60.3.

16. The [Grayson circuit court] erred in failing to rule on issues raised by Barrett.

17. The [Grayson circuit court] erred in awarding Minor appellate attorney's fees.

Barrett, No. 1382-10-3 (Va. Ct. App. July 26, 2011); Barrett v. Commonwealth, Dep't of Soc. Servs., Div. of Child Support Enf't ex rel. Barrett, Nos. 1613-14-3, 1614-14-3 (Va. Ct. App. May 19, 2015); Barrett v. Rhudy, No. 1250-16-3 (Va. Ct. App. Oct. 23, 2018).

18. The [Grayson circuit court] erred in finding Virginia's Child Support Statutes Constitutional.

Minor presents two additional cross-assignments of error:

19. The [Grayson circuit court] erred by entry of another final order because this case was previously dismissed by a final order subject to Rule 1:1 that was affirmed on appeal.

20. The [Grayson circuit court] erred by modifying the 2007 Order for periods of time prior to reinstatement on June 22, 2017 because there was no "pending petition" in any court before that date.

Finally, Minor asks this Court to award her attorney's fees and costs associated with this appeal. Barrett and Minor also filed various motions for consideration with this Court. For the following reasons, this Court affirms the ruling of the Grayson circuit court, denies the motions, and awards Minor attorney's fees.

I. BACKGROUND

As is well documented in the history of litigation between Barrett and Minor, the parties obtained a divorce in 2002 by order of the Virginia Beach circuit court. The 2002 order fixed Barrett's prospective child support and transferred the child support matters to the Grayson County Juvenile and Domestic Relations District Court ("Grayson JDR court"), pursuant to Code § 20-79(c).

The Grayson circuit court entered a final order on child support in 2007 ("2007 order"). The 2007 order imputed income to Barrett at $5100 per month and used Minor's actual income of $255 per month. Barrett's arrearages were reduced based on different time periods dating back to September 1, 2002. The periods in the 2007 order reflected changes in income and a change in the number of children covered by the order. The 2007 order was affirmed in Barrett v. Commonwealth, Dep't of Soc. Servs., Div. of Child Support Enf't ex rel. Barrett, No. 1332-07-3 (Va. Ct. App. Apr. 29, 2008) ("Barrett I").

- 3 -

Barrett filed a motion for modification of the 2007 order in 2008. The Grayson circuit court entered a final order on June 22, 2010 ("2010 order"). The 2010 order fixed a new prospective support obligation on Barrett and again reduced his arrearages dating back to May 1, 2008. Barrett appealed the 2010 order presenting twenty-seven assignments of error. This Court rejected most of Barrett's contentions, but ultimately reversed the 2010 order on limited grounds in Barrett v. Commonwealth, Dep't of Soc. Servs., Div. of Child Support Enf't ex rel Barrett, No. 1382-10-3 (Va. Ct. App. July 26, 2011) ("Barrett II").

Barrett II was remanded to the Grayson circuit court for a "recalculation of the support award" that "require[d] further factual determinations at the time of the hearing." This Court also mandated that the Grayson circuit court could set the retroactive date of modification "no earlier than January 28, 2009." Additionally, this Court awarded Minor her attorney's fees to be determined by the Grayson circuit court upon remand.

While Barrett II was pending in this Court, Minor sought enforcement of the 2010 order in the Grayson JDR court. A show cause was issued in September 2010, and Barrett was found in contempt on October 26, 2010 ("contempt order"). The contempt order established that Barrett was in arrears to the amount of $22,399 as of September 30, 2010. Barrett withdrew his appeal of the contempt order, filed in the Grayson circuit court, and satisfied the contempt judgment with the appeal bond and a deficiency payment.

Upon remand, the Grayson circuit court ordered the case, and the $10,715 remaining from the appeal bond for Barrett II, transferred to the Bristol circuit court. The Bristol circuit court dismissed the transferred case without prejudice, which Barrett appealed to this Court. In Barrett v. Commonwealth, Dep't of Soc. Servs., Div. of Child Support Enf't ex rel Barrett, Nos. 1613-14-3 and 1614-14-3 (Va. Ct. App. May 19, 2015) ("Barrett III"), this Court affirmed the

Bristol circuit court. We noted in Barrett III that the Grayson circuit court was still required to follow our instructions upon remand of Barrett II.

More than nine years passed between the first trial and the remanded trial on November 29, 2018. On this date, the Grayson circuit court ruled on several pretrial motions. Notably, September 30, 2010 became the effective date of modification of the 2007 support order. The Grayson circuit court reached this date for modification due to this Court's determination that the date could be no earlier than January 28, 2009. The Grayson circuit court chose this date because the October 2010 contempt order established what Barrett's arrearages were as of that date. Because Barrett withdrew his appeal and satisfied the judgment, the Grayson circuit court determined that September 30, 2010 was a "good punctuation mark" for determining what Barrett's obligations were going forward.

The Grayson circuit court also ruled that the legal services provided to Minor by her current husband were not "gifts." As such, the value of these services would not be included in Minor's income for purposes of child support calculation.

The Grayson circuit court also granted Minor's motion *in limine* that excluded any evidence related to the illegality or impossibility of income imputed to Barrett as an attorney. The Grayson circuit court determined that the issue was *res judicata* given this Court's ruling in Barrett II.

Barrett and Minor stipulated to several facts prior to trial. Notably, (1) Minor's 2018 annual salary was the highest it had ever been at $38,805; (2) Minor currently receives approximately $1200 per year as cash gifts from her husband; (3) Minor's family stopped providing gifts to her in 2011 when she married her current husband; and (4) Barrett worked for a manufacturing company in 2008 and 2009 and earned a salary of $66,000 per year. The sole

factual determination left for trial was if Barrett's inability to obtain employment was voluntary and therefore authorized the Grayson circuit court the ability to impute Barrett's income.

On December 28, 2018, the Grayson circuit court entered the 2018 order. The 2018 order found that Minor's salary was $38,805 and she received $1200 per year in gifts from family, making Minor's monthly income $3,333.75. Based upon the parties' stipulations, and Minor's consent, the Grayson circuit court used Minor's 2018 income as her income during the entire period from October 1, 2010. The Grayson circuit court noted that "[t]his proposed calculation model certainly benefits Barrett as opposed to an average calculation of Minor's income during the period of retroactivity." Nonetheless, Minor agreed to the calculation knowing that Barrett's liability would be substantially more if Minor's income was calculated as an average.

Finding that Barrett was voluntarily unemployed, the Grayson circuit court imputed income to Barrett in the amount of $5100 per month. This amount was the same amount imputed to Barrett in the 2007 order and the 2010 order, finding "no reason to deviate" from the prior amounts. The 2018 order fixed Barrett's prospective child support obligation at $587.98 per month.

The 2018 order then reduced Barrett's arrearages, due to the higher income of Minor, based on different monthly amounts for the five different time periods as the children reached the age of majority. These five different time periods were bound by the birthday of each of the children reaching the age of majority; five children under eighteen, four with Minor and one with Barrett between October 1, 2010 and August 25, 2011; four with Minor between August 26, 2011 to May 8, 2013; three with Minor between May 9, 2013 to April 5, 2015; two with Minor between April 6, 2015 to February 17, 2017; and one child under eighteen remaining with Minor between February 18, 2017 to December 28, 2018.

To determine the exact amount of the arrearage, the Grayson circuit court relied on the 2010 order that set Barrett's arrearage at $22,399.20 as of October 1, 2010. The Grayson circuit court, using the Department of Social Services-Division of Child Support Enforcement ("DSS-DCSE") records, found that Barrett had paid $34,765.20 since October 1, 2010. Using each of the calculations during the five different periods and the DSS-DCSE records, the Grayson circuit court concluded that Barrett's arrearage was $77,046.64 plus interest to be calculated by DSS-DCSE.

The Grayson circuit court declined to rule on other issues presented by the parties outside the mandate. The Grayson circuit court refused to rule on Barrett's passport renewal and the status of the appeal bond still being held by the Bristol circuit court.[2] Minor was granted the ability to claim the children on her taxes, and the Grayson circuit court refused Barrett's motions to find the Virginia child support statutes unconstitutional and to hold Minor in contempt for her refusal to sign the tax waiver form. Finally, the Grayson circuit court awarded Minor $4175 in fees for Barrett II.

## II. ANALYSIS

### A. STANDARD OF REVIEW

The primary thrust of Barrett's appeal concerns the modification of child support obligations. "The determination of child support is a matter of discretion for the circuit court, and therefore [this Court] will not disturb its judgment on appeal unless plainly wrong or unsupported by the evidence." Milam v. Milam, 65 Va. App. 439, 451 (2015) (quoting Oley v. Branch, 63 Va. App. 681, 699 (2014)). The determination of child support "involve[s] fact-specific decisions best left in the sound discretion of the trial court." Niblett v. Niblett, 65

_____

[2] This appeal bond is now held by the Grayson County clerk pending the outcome of this appeal.

Va. App. 616, 624 (2015) (citations omitted). "[U]nless it appears from the record that the circuit court judge has abused his discretion by not considering or misapplying one of the statutory mandates, the child support award will not be" revisited. Milam, 65 Va. App. at 451.

A court abuses its discretion if it violates a mandate from a higher court. See Rowe v. Rowe, 33 Va. App. 250, 258 (2000) ("A trial court has no discretion to disregard [a higher court's] lawful mandate. When a case is remanded to a trial court from an appellate court, the refusal of the trial court to follow the appellate court mandate constitutes reversible error.").

### B. MANDATE RULE (ASSIGNMENT OF ERROR 1)

Barrett presents a litany of examples he asserts violate the mandate rule. However, he misreads our ruling in Barrett II to form his contentions. Confusingly, it seems that Barrett has attempted to create additional assignments of error in his contention that the Grayson circuit court failed to follow the mandate from Barrett II. However, we find no error in the Grayson circuit court's determinations pursuant to our holding in Barrett II.

As previously stated, "[t]he mandate rule, itself an application of the law-of-the-case doctrine, forecloses further litigation of 'issues expressly or impliedly decided by the appellate court.'" Virginia Imports, Ltd. v. Kirin Brewery of Am., LLC, 50 Va. App. 395, 407 (2007) (quoting United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993)). "When a case is remanded to a trial court from an appellate court, the refusal of the trial court to follow the appellate court mandate constitutes reversible error." Rowe, 33 Va. App. at 258.

Our ruling in Barrett II simply stated that upon remand, the Grayson circuit court must address all issues relevant to the determination of child support pursuant to Code § 20-108. Additionally, upon remand, the Grayson circuit court should determine an effective date of modification given the parameters of Barrett II. Finally, we awarded Minor her attorney's fees incurred in the appeal of Barrett II.

On remand, the Grayson circuit court based its determination of retroactive child support pursuant to the current circumstances of the parties in accordance with Code § 20-108. Additionally, the Grayson circuit court, in its discretion, chose September 30, 2010, as the effective date of retroactivity. Our mandate to the Grayson circuit court was that, in its discretion, it could choose a date no earlier than January 28, 2009. The Grayson circuit court, following our mandate, also awarded Minor her appellate attorney's fees on remand as we ordered. We defer to the trial court's discretion in selecting the date of retroactivity and find that the Grayson circuit court did not refuse to comply with our mandate upon remand.

C. ALLEGED AWARD OF SUPPORT TO ADULT CHILDREN (ASSIGNMENT OF ERROR 2)

Barrett alleges that the trial court awarded support to five of the parties' six children who at the time of the 2018 order had reached the age of majority. Barrett cites to the Thirteenth and Fourteenth Amendments to the United States Constitution for the erroneous contention that his retroactive liabilities would be against the constitutional prohibition against slavery. However, the 2018 order did not award child support to children that had reached the age of majority prospectively, but rather reduced Barrett's retroactive obligation to his children by more than $60,000.

The 2018 order carefully determined the dates that each of the children reached the age of majority. Each of the five time periods determined by the Grayson circuit court were bookended by the birthday of one of the children reaching the age of majority. Barrett attempts to shoehorn a frivolous legal argument, and misreading of cases and statutes, for the contention that any payment after the date of a child reaching the age of majority is unconstitutional.

However, this Court has ruled to the contrary on multiple occasions. "A court may not retroactively modify a child support [order] to cancel a support arrearage or to relieve a parent of an accrued support obligation." Bennett v. Commonwealth, Va. Dep't of Soc. Servs., Div. of

Child Support Enf't ex rel. Bennett, 22 Va. App. 684, 696 (1996) (citing Cofer v. Cofer, 205 Va. 834, 838-39 (1965); Taylor v. Taylor, 10 Va. App. 681, 683-84 (1990)).

Taking Barrett's argument to its logical conclusion would allow a parent to continue litigation over child support, without making any child support payments, until the child reaches the age of majority thereby absolving parents of their statutory responsibility to pay child support. We decline to further Barrett's absurd argument. It is clear that the Grayson circuit court only awarded support retroactively to children during the time before they reached the age of majority. In doing so, the Grayson circuit court reduced Barrett's retroactive liability by more than $60,000; therefore, any error would be in Barrett's favor.

D.  DATE OF RETROACTIVITY (ASSIGNMENT OF ERROR 3)

Barrett again alleges that due to the date of retroactive support liability, the Grayson circuit court awarded support to one of the parties' children who reached the age of majority six months prior to the chosen date of September 30, 2010. This, again, is an erroneous reading of the 2018 order, and we therefore disagree.

In Barrett II, we declined to address issues regarding the parties' child, Jonathan, because he had reached the age of majority and would not be entitled to support. Following our mandate, the Grayson circuit court painstakingly explained how the arrearages were to be calculated from the September 30, 2010 date of retroactivity. None of these calculations contemplated support to Jonathan.

Barrett alleges that the date of retroactivity "effectively" awarded support for Jonathan during the six months after he had reached the age of majority. However, the contempt order contemplated Barrett's arrearages to include the time before Jonathan had reached the age of majority. It did not award support for Jonathan after the date that he reached the age of majority. Therefore, choosing the date of September 30, 2010, as the date of retroactivity, which is not

- 10 -

earlier than our mandated date of January 28, 2009, is not plainly wrong or an abuse of discretion.  See Milam, 65 Va. App. at 451.

### E.  CONTEMPT ORDER (ASSIGNMENT OF ERROR 4)

Barrett alleges that the Grayson circuit court committed reversible error when it relied on the contempt order determining the amount of Barrett's arrearages on September 30, 2010. Barrett reaches this conclusion by alleging that the Grayson JDR court lacked subject matter jurisdiction to enforce a support order during the pendency of the Barrett II appeal.  We disagree.

We have ruled repeatedly that the authority to enforce a support order continues despite the order being appealed.  See Code § 20-68; Decker v. Decker, 17 Va. App. 562, 564 (1994) (ruling that "this Court acquired jurisdiction when [appellant's] appeal was filed and docketed in the clerk's office of the Court of Appeals.  Thus, while the trial court may enforce a support and custody order, it may not modify such order without leave of court.").

Here, the Grayson JDR court court did not modify Barrett's support obligation.  Rather, the contempt order was an enforcement action for Barrett's failure to pay.  Barrett alleges that this enforcement order was void *ab initio*.

"The distinction between an action of the court that is void *ab initio* rather than merely voidable is that the former involves the underlying authority of a court to act on a matter whereas the latter involves actions taken by a court which are in error."  Singh v. Mooney, 261 Va. 48, 51 (2001).  We rejected Barrett's similar argument in Barrett III.

Assuming, *arguendo*, that the contempt order was actually in error, that would make the contempt order voidable, not void *ab initio*.  A party can waive a voidable order, but not an order that is void *ab initio*.  See Ghameshlouy v. Commonwealth, 279 Va. 379, 388-89 (2010).  When Barrett declined to appeal the contempt order, and subsequently paid the judgment, Barrett waived any jurisdictional challenges to the contempt order.

- 11 -

Additionally, contempt proceedings can have *res judicata* effect.  Lee v. Spoden, 290 Va. 235 (2015).  The contempt order effectively decided the arrearage Barrett owed as of September 30, 2010.  The determination of Barrett's arrearages as of this date became final on the parties because they did not appeal the contempt order.  "[A] judgment, when entered and no appeal taken, is conclusive, even though the judgment is manifestly wrong in law or fact."  Slagle v. Slagle, 11 Va. App. 341, 346 (1990).  As such, the Grayson circuit court did not err when it relied on the contempt order to decide the date of retroactivity.

F.  MINOR'S INCOME (ASSIGNMENTS OF ERROR 5, 6, 7, 8, 9)

Barrett assigns multiple errors to the Grayson circuit court's determination of Minor's income and associated factors.  "In setting or modifying spousal support or child support, a court may impute income to a party voluntarily unemployed or underemployed."  Blackburn v. Michael, 30 Va. App. 95, 102 (1999).  "Whether a person is voluntarily unemployed or underemployed is a factual determination."  Id.  Accordingly, a court's decision regarding the imputation of income based on voluntary unemployment or underemployment "will not be reversed unless plainly wrong or unsupported by the evidence."  Id.  See Code § 8.01-680.

Here, the Grayson circuit court's decision regarding Minor's income was based on two principles.  First, the Grayson circuit court determined that any income or gifts that Minor received prior to September 30, 2010, were not relevant to the instant modification.  Second, the Grayson circuit court relied on the parties' agreed upon stipulations to determine the financial assistance included in Minor's income.

Minor stipulated, and Barrett agreed, that she receives approximately $1200 per year in gifts from family members.  This amount was added to Minor's 2018 salary.  Additionally, at Minor's request, the Grayson circuit court applied Minor's adjusted 2018 salary to each year in the period of retroactivity, even though this income figure was the highest it had ever been as

- 12 -

stipulated by the parties. This decision by the Grayson circuit court resulted in a reduction of Barrett's retroactive obligation by more than $60,000. Any such error was in favor of Barrett.

Barrett further assigns error to an alleged forgiven loan that the Grayson circuit court should have included as income to Minor. However, Barrett himself argued that this exact loan, a 2007 promissory note, had been forgiven before the parties' first trial in 2009. The Grayson circuit court found, as a matter of fact, that any loan forgiveness of Minor's obligations took place prior to the September 30, 2010 date of retroactivity. Accordingly, this determination is not in error.

Barrett also alleges that the Grayson circuit court should have included the legal services provided by Minor's husband as gifts in Minor's income. In making its determination, the Grayson circuit court analogized the legal services Minor receives to other occupations in which the services could not reasonably be imputed as income. Additionally, as we have previously stated in other iterations of Barrett's claims, Minor has incurred extensive legal fees due to the frivolous claims filed by Barrett. Accordingly, the determination of the Grayson circuit court to not include the legal services Minor receives from her husband as income is not "plainly wrong" and is clearly supported by the evidence to defend herself from Barrett's seemingly endless litigation. See Blackburn, 30 Va. App. at 102 (citing Code § 8.01-680).

Finally, the record clearly supports the Grayson circuit court's determination that Minor was not voluntarily unemployed or underemployed. Since the original trial in 2009, Minor has earned a graduate degree, been employed full-time as a librarian, and received a salary of $38,805 in 2018. Additionally, Minor suffers from epilepsy, which restricts her ability to drive. Barrett alleges that Minor could earn more money as a teacher; however, the evidence clearly shows that her wages are comparable to that of a teacher with the same experience. Thus, the Grayson circuit court was clearly within its discretion to find that Minor's wages were

- 13 -

reasonable and that Barrett did not meet the burden of showing that Minor was underemployed. As the Grayson circuit court correctly noted when it attributed Minor's monthly income to the entire period of retroactivity, any benefit to the parties of this calculation was to Barrett. Barrett's retroactive liability would have been significantly higher if the Grayson circuit court used a weighted average method of calculation. As such, any alleged error is solely to the benefit of Barrett.

### G. BARRETT'S INCOME (ASSIGNMENTS OF ERROR 10, 11, 12)

Barrett assigns multiple errors to the Grayson circuit court's imputation of income to him. Barrett had the burden to prove that the same level of income imputed to him in the 2007 order should not be used again in the modification of that order. See Hatloy v. Hatloy, 41 Va. App. 667, 672 n.3 (2003) ("In meeting his burden on the motion to reduce the awarded support, husband must prove, among other issues, that he should not have his previous income . . . imputed to him."). Again, we review to determine if the decision to impute income to Barrett was "plainly wrong or unsupported by the evidence." Blackburn, 30 Va. App. at 102.

On remand of Barrett II, we stated that "if imputation of income to [Barrett] remains an issue [on remand], the trial court must consider whether [Barrett] is voluntarily unemployed or underemployed at the time of the hearing and, if so, the amount to be imputed." Barrett II, No. 1382-10-3, at *5-6.

Here, the Grayson circuit court found that Barrett was voluntarily unemployed at the time of the hearing and during the retroactivity period between 2010 and 2017. Barrett was last employed in 2012 doing contract work for friends. Barrett worked for a manufacturing company in 2008 and 2009. During such time, Barrett earned $66,000 per year. In 2011, Barrett worked for a foundation repair contractor and earned more than the income that was imputed. At the

hearing, Barrett stated that he spends about two hours each weekday searching for employment. Barrett further stated that his wife provides for him.

After calculating all the factors, the Grayson circuit court imputed income to Barrett at $5100 per month. Barrett did not overcome the burden to prove that his previous income should not be applied to the modification order. Thus, we cannot say that the decision of the Grayson circuit court to find Barrett voluntarily unemployed and subsequently impute income at $5100 per month is plainly wrong or without evidence in the record. As such, we affirm the Grayson circuit court's ruling on Barrett's income. See Blackburn, 30 Va. App. at 102 (citing Code § 8.01-680).

### H. DETERMINATION OF ARREARAGE (ASSIGNMENT OF ERROR 13)

Barrett presents five additional sub assignments of error alleging that the Grayson circuit court erred in its calculation of arrearages. We disagree. Barrett's obligation for the period of September 30, 2010 to December 28, 2018 was reduced from $149,589 to $89,412.58. From this amount, the Grayson circuit court subtracted Barrett's payments since September 30, 2010.

Barrett again makes the same arguments as he did in assignment of error two: that the calculation of arrearages provided support to children who had reached the age of majority. As elaborated on above, this is a misreading of the 2018 order in addition to well-settled case law and statutory provisions.

A careful review of the record shows that the Grayson circuit court was not plainly wrong in its calculation of the arrearages. Additionally, any such error is in Barrett's favor as he received a $60,000 reduction in his obligations. See id. (citing Code § 8.01-680).

I.  INCOME TAX DEDUCTION EXCEPTION (ASSIGNMENT OF ERROR 14)

Barrett alleges that the Grayson circuit court committed reversable error when it awarded the Income Tax Deduction Exception ("ITDE") to Minor.  Mirroring Barrett's previous contentions, he alleges that:  (1) the fact that he was awarded the ITDE in the 2007 order renders it *res judicata*, (2) if not *res judicata*, Code § 20-108.1(B)(13) only allows a trial court to deviate from the presumptively correct support award based on the tax consequences of its support determination, (3) if Code § 20-108.1(B)(3) does actually allow the trial court to determine the tax consequences, it may not do so to children who have already reached the age of majority, and (4) Code 20-108.1(E), while having an exception for this specific issue, does not allow for the modification retroactively of the ITDE.  Finding Barrett's arguments unpersuasive, we disagree.

The 2007 order clearly stated that it would modify the provisions of the 2007 order regarding tax deductions when Minor began working full time and filing tax returns.  Minor has been employed full time since 2012.  During this period of time, Barrett has neither been employed nor paid income tax.  Based on the changed circumstances of the parties, the record supports the Grayson circuit court's decision to award the ITDE to Minor.

Code § 20-108.1(B)(13), contrary to Barrett's assertion, requires the Grayson circuit court to consider the tax consequences to the parties, including the claims for exemptions.  This issue was included in our remand of Barrett II for the Grayson circuit court to consider "all issues relevant to the determination of child support."

Barrett again misreads our statutory language.  Code § 20-108.1(E) authorizes a trial court to order a party to execute tax forms or waivers.  Minor was the custodial parent and did not need Barrett to execute any waivers.  Additionally, Minor has previously claimed the children on her taxes because Barrett was not paying income tax.

Accordingly, we find no error in the trial court's awarding Minor the ITDE. Barrett is voluntarily unemployed and has not been paying taxes.

### J. CODE § 20-60.3 (ASSIGNMENT OF ERROR 15)

Barrett alleges that the Grayson circuit court failed to comply with Code § 20-60.3 when it did not include information about the health care provisions of the children in the 2018 order. However, Barrett's amended objection was filed twenty days after the entry of the 2018 order and Barrett is precluded from assigning this error. See Rule 5A:18.

The Court of Appeals will not consider a claim of trial court error as a ground for reversal "where no timely objection was made, except to attain the ends of justice." Marshall v. Commonwealth, 26 Va. App. 627, 636 (1998) (citing Rule 5A:18[3]).

"To satisfy the rule, 'an objection must be made . . . at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error.'" Scialdone v. Commonwealth, 279 Va. 422, 437 (2010) (quoting Johnson v. Raviotta, 264 Va. 27, 22 (2002)).

"[T]his Court has consistently focused on whether the trial court had the opportunity to rule intelligently on the assigned error." Brandon v. Cox, 284 Va. 251, 255 (2012) (citing Scialdone, 279 Va. at 437). "Because the purpose of Rule 5:25 is to ensure that the trial court has the opportunity to rule upon an argument, the record must affirmatively demonstrate that the trial court was made aware of the argument." Id. at 256 (the equivalent of Rule 5:25 in the Court of Appeals is Rule 5A:18).

Here, Barrett filed his amended objections twenty days after the entry of the 2018 order. Barrett asserts that he was given twenty-one days to file objections or an appeal. However,

---

[3] "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

because the trial court lost jurisdiction over the matter on the day following Barrett's filing of his amended objections, and Barrett did not seek to suspend or stay the order, the filing of additional objections twenty days after the issuance of the 2018 order is not timely and therefore not properly preserved. See Rule 1:1.

### K. GRAYSON CIRCUIT COURT MOTIONS (ASSIGNMENT OF ERROR 16)

Barrett filed additional motions to be heard contemporaneously with the child support modification hearing at Grayson circuit court. The Grayson circuit court declined to rule on Barrett's motion to reinstate his passport, denied Barrett's request to impose sanctions on Minor, and took no action on an appeal bond that, at the time, was with the City of Bristol Circuit Court clerk. As the appeal bond is now with the clerk of the Grayson circuit court pending the outcome of this appeal, we decline to address Barrett's contentions with respect to the appeal bond. Additionally, the Grayson circuit court declined to entertain Barrett's frivolous argument contending that Virginia's child support statutes are unconstitutional. We find no error in the ruling of Grayson circuit court on these motions.

### L. GRAYSON CIRCUIT COURT AWARD OF ATTORNEY'S FEES TO MINOR (ASSIGNMENT OF ERROR 17)

Barrett assigns two additional sub assignments of error in the Grayson circuit court's determination of Minor's award for appellate attorney's fees as mandated in Barrett II. Barrett alleges that: (1) there was no factual finding to support the determination that Minor incurred $4175 in attorney's fees for Barrett II, and (2) the Grayson circuit court mistakenly read our mandate to award any fee requested instead of only fees that were reasonable and based on the relative financial ability to pay. We find no error.

In Barrett II, we awarded Minor attorney's fees to be determined by evidence submitted to the Grayson circuit court. Barrett again misstates the facts and the case law. Minor filed a motion for fees in 2012 after the ruling of this Court and renewed the motion in 2018. In both

instances Minor submitted documentary evidence to support the motion.  Barrett never responded to the motions or challenged the documentary evidence supporting them.

In Tazewell Oil Co. v. United Virginia Bank, 243 Va. 94, 112 (1992), the Supreme Court upheld a fee award where the sole evidence was based on affidavits.  Additionally, this Court has routinely awarded attorney's fees without a full evidentiary hearing.  Thus, the Grayson circuit court did not err when it awarded Minor her attorney's fees based on submitted documentary evidence as mandated by Barrett II.

## M. CONSTITUTIONALITY OF VIRGINIA'S CHILD SUPPORT STATUTES (ASSIGNMENT OF ERROR 18)

Barrett alleges that Article I, Section 11 of the Virginia Constitution renders any statute that takes the private property of one person for the private benefit of another unconstitutional.  More succinctly, Barrett argues that making him pay his child support obligation violates the Virginia Constitution.  Additionally, Barrett alleges that if the child support statute does not violate the Virginia Constitution, a trial court awarding support to a child that has reached the age of majority, but not yet graduated high school, violates the Thirteenth Amendment to the United States Constitution.  Finding Barrett's contentions without merit and wholly frivolous, we disagree.

Barrett curiously fails to cite to Richardson v. Richardson, 12 Va. App. 18 (1991), in which this Court explained the establishment of the child support guidelines, as passed by the United States Congress.  Congress further amended 42 U.S.C.A. § 667 to require that the amount of child support obligation as determined by the guidelines be a rebuttable presumption "in any judicial or administrative proceeding for the award of child support."  Pub.L. 100-485, § 103(b); Richardson, 12 Va. App. at 20.  The Virginia General Assembly amended Code § 20-108.2 to mirror the federal law.  1989 Va. Acts c. 599.

As we stated in <u>Niblett</u>, 65 Va. App. 616, Congress enacted the child support guidelines to assure that both the child's needs and the parent's ability to pay are considered in determining the amount of support awards. As was found in <u>Barrett v. Virginia State Bar</u>, 277 Va. 412 (2009), "for [Barrett] to assert persistently and repeatedly in the Circuit Court of Grayson County and in the Court of Appeals of Virginia that he is no longer required to support his children is completely frivolous." <u>Id.</u> at 418-19. Barrett claimed there, and again here, that "[i]n the case of child support, the whole issue has been subsumed by statute," and "[t]hus, the merits or frivolity of [my] argument rises or falls on the statute, not the Common Law." <u>Id.</u> at 417.

However, Barrett's frivolity here is based on the plain reading of the 2018 order. Barrett claims throughout his appeal that by making him pay retroactive child support for the period in which his children were not yet at the age of majority is unconstitutional and akin to slavery. However, as we stated in <u>Taylor</u>, 10 Va. App. at 683-84, "[p]ast due installments become vested and are not subject to change."

The Grayson circuit court correctly bookended the five different time periods of support with each child reaching the age of majority on the date that the period ended. Congress enacted the law, which was adopted by the Virginia General Assembly; accordingly, Barrett's arguments are devoid of merit, or comprehension, and wholly frivolous in their premise.

N. JURISDICTION OF THE GRAYSON CIRCUIT COURT (ASSIGNMENTS OF ERROR 19 AND 20)

In Minor's assignments of error, she alleges that the Grayson circuit court did not have jurisdiction to enter the 2018 order because the case was previously dismissed by a final order, or in the alternative, that the Grayson circuit court erred by modifying the 2007 order prior to reinstatement on June 22, 2017, because there was no pending petition before that date. We disagree.

The Grayson circuit court ruled that while the case was officially reinstated on June 22, 2017, the case had remained on the active docket all along. This includes the time when the Grayson circuit court erroneously transferred this case to the Bristol circuit court.

Our mandate in both <u>Barrett II</u> and <u>Barrett III</u> required the Grayson circuit court to act consistent with our ruling. Minor cites to <u>Milot v. Milot</u>, 64 Va. App. 132 (2014), to support her argument that to exercise a retroactive authorization set forth in Code § 20-108.1(B), there must be, as a condition precedent, an existing and pending cause in a court of competent jurisdiction. <u>Milot</u>, 64 Va. App. at 136. However, the facts here are distinguishable. In <u>Barrett II</u>, we remanded on limited issues involving the determination of child support. Our finding that the 2010 order was inadequate did not dismiss the 2007 order. Our mandate was for the Grayson circuit court to follow the statutory requirements when making its determination.

By contrast in <u>Milot</u>, the parties entered into a *pendente lite* order for child support. <u>Id.</u> at 134. Upon remand to the Halifax juvenile and domestic relations district court, no independent order was entered that set child support. <u>Id.</u> Five years later, pursuant to Code § 8.01-355(B), the Halifax circuit court dismissed the pending divorce action. <u>Id.</u> Because no actual pending cause existed in a court of competent jurisdiction, we ruled that appellant's spousal and child support under the *pendente lite* order was terminated. <u>Id.</u>

Here, the action was never dismissed other than by the Bristol circuit court who, as we ruled in <u>Barrett III</u>, correctly determined that it did not have jurisdiction to hear this action. Our mandate in <u>Barrett II</u> required the Grayson circuit court to correct the error regarding the effective date of retroactivity as we stated. Thus, the Grayson circuit court retained jurisdiction over this matter and the case remained on the Grayson circuit court docket. The Grayson circuit court could not dismiss this action pursuant to Code § 8.01-355(B) because that would be in violation of the mandate of this Court in <u>Barrett II</u>.

## O. Motions Filed in this Court

Pending oral arguments in this action, the parties filed various motions. Minor filed a motion to dismiss, in part, due to mootness now that the last remaining child had reached the age of majority pending this appeal. Minor additionally filed a motion to dismiss, in part, as moot Barrett's assignment of error regarding the appeal bond that was previously held by the Bristol circuit court as it had been transferred back to the Grayson circuit court clerk to disburse pending the outcome of this appeal. We deny both of Minor's motions to dismiss.

Barrett curiously attempts to declare the 2007 order, and our ruling in Barrett II, void *ab initio* because the original imputation of income to him was a "legal impossibility" because he is disbarred and cannot be employed as an attorney. Again, Barrett makes a constitutional argument that the imputation of income to him was akin to slavery, violated his constitutional rights, and makes every subsequent order also void *ab initio*. We directly ruled on this assertion in Barrett II. Imputation of income "based on [Barrett's] income as an attorney became the 'law of the case.'" Barrett could not argue the doctrine of "legal impossibility" because he was "precluded from raising the issue again on appeal." However, Barrett attempts to raise this issue here in his motion to find the 2007 order void *ab initio*. We deny Barrett's motions.

## P. Attorney's Fees, Frivolous Litigation

Minor seeks an award for attorney's fees she claims to have incurred related to this appeal. See Rule 5A:30(b)(2) (providing that "the Court of Appeals may award to a party who has made such request, all of their attorney fees, or any part thereof"). Specifically, in an itemized affidavit presented to this Court, Minor's counsel requested an award of $14,007 representing 66.7 hours of attorney time at the rate of $210 per hour.

"The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." Friedman v. Smith, 68 Va. App. 529, 545 (2018). "In determining whether to

make such an award, the Court of Appeals shall not be limited to a consideration of whether a party's position on an issue was frivolous or lacked substantial merit but shall consider all the equities of the case." Rule 5A:30(b)(3).

Applying that standard here, it is clear that Minor is entitled to an award of attorney's fees. The equities of the case demand it. Over more than a decade, Barrett repeatedly has harassed Minor with multiple, frivolous appeals, which often repeat the same meritless arguments. When last we made an award of appellate attorney's fees to Minor for having to respond to Barrett's frivolous claims, we observed that Barrett's appeals largely follow the same pattern: he "misapplies the law and selectively interprets facts, claiming violations of both the state and federal constitutions where none actually exists." Barrett v. Rhudy, No. 1250-16-3, at *27 (Va. Ct. App. Oct. 23, 2018). The present appeal mirrors that pattern, and thus, an attorney's fee award is warranted.

Our conclusion that Minor is entitled to an award of attorney's fees does not compel the conclusion that she is entitled to all of the fees she seeks. Review of counsel's affidavit reveals that the 66.7 hours of attorney time described is not limited to time spent directly responding to Barrett's appeal in this Court; it also includes time spent in the trial court (albeit some time related to arguments about the appeal bond), time related to preparing motions Minor filed in this Court, and time related to preparing and briefing Minor's assignments of cross-error. Given our conclusions that neither the motions nor the assignments of cross-error are meritorious and our view of all of the equities of the case, we decline to award the attorney's fees requested that are related to these endeavors.

Accordingly, we award Minor $12,663 in appellate attorney's fees, representing 60.3 hours of attorney time at $210 per hour. Such an award of attorney's fees is a judgment

immediately due and payable and is in addition to those determined by the trial court and affirmed in this appeal.

### III. CONCLUSION

For these reasons, this Court affirms the Grayson circuit court and awards $12,663 in attorney's fees for the instant appeal.

<u>Affirmed, plus award of fees.</u>